ADEMIRAM SEAVERS *v.* JEAN JOURNEE and ELIZABETH WEBER.

A suit claiming property and rent is a totally different action from that of rescission of a sale for fraud, and will not interrupt prescription as to the latter.
Code, 1989.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.   *Jourdan*, for plaintiff.   *Dufour*, for defendants and appellants.

MERRICK, C. J. This is a revocatory action, brought against *Elizabeth Weber*, the original vendor of *Peter Weber*, her brother, and *Jean Journée*, her vendee, for one-half of the property, consisting of a house and lot.

The sale was made by *Peter Weber* to his sister for $450, and he immediately absconded after the sale, which was made by notarial act on the 5th day of March, 1851, the price being paid in cash. The defendant, *Elizabeth Weber*, and her vendee have been in actual possession ever since.

The present suit was instituted on the 17th day of February, 1854, being nearly three years after the sale.

The defendants plead the prescription of one year, under Article 1989 of the Civil Code.

The plaintiff contends that the prescription pleaded has been interrupted by legal proceedings.

The plaintiff, after *Peter Weber* had absconded, instituted a suit by attachment against him, and seized the house and lot in controversy. The defendant, *Elizabeth Weber*, intervened in the suit, as will be hereafter noticed. The house and lot were sold under the attachment, (the defendant all the while remaining in possession,) and the same were bought by the plaintiff and *Moses Levy*. They had their sale confirmed by a monition.

On the 30th day of April, 1852, they instituted their action of revendication against the defendants to recover the property and damages for its wrongful occupation.

The plaintiff and *Levy*, on the 26th day of May, 1852, amended their petition and alleged that the sale from *Peter Weber* to *Elizabeth* was fraudulent and simulated, and prayed rescission of the same, and that the petitioners be put in possession. This amended petition never was served, yet judgment was rendered against the defendants. A new trial was granted, because they were not notified of the filing of the amendment. Final judgment was rendered, dismissing the suit, which was affirmed on appeal, one of the grounds being that the amendment was not served, and introduced a new cause of action. It is apparent that these proceedings, if they had been commenced in time, could not, with the exception of the amended petition, (which is without effect, because not served,) interrupt prescription as to the revocatory action. The service of a petition claiming the property, and a citation thereon, as well as a demand for rent, is a totally different action from the action of rescission for fraud.

It is further contended, that the intervention of *Elizabeth Weber*, in the attachment suit of plaintiff against *Peter Weber*, wherein she sets up her title to the property, and plaintiff alleges the sale to her to be fraudulent, must have the effect of interrupting the prescription. Conceding this to be so, yet more than one year elapsed from the dismissal (15th April, 1852,) of defendants' intervention, as in case of non-suit, on account of the absence of her lawyer, and the institution of this suit.

We therefore think the plea of prescription in this case must be maintained.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendants, and that the plaintiff pay the costs of both courts.