I respectfully dissent from the majority opinion.

3 So.2d 739

LEADMAN v. FIRST NAT. BANK.

No. 34458.

June 30, 1941.

Rehearing Denied July 18, 1941.

Harry V. Booth and Albert P. Garland, both of Shreveport, for plaintiff-appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for defendant-appellee.

PONDER, Justice.

Gabe M. Leadman brought this suit against the First National Bank of Shreveport seeking to recover the sum of $4,300 with legal interest from October 17, 1927, until paid.

It is alleged in the petition that Mrs. Jessie T. Leadman, now Mrs. Jessie L. Brewster, was the duly appointed natural tutor of the plaintiff until he became emancipated; that his mother the natural tutrix

deposited all the funds belonging to the plaintiff in the First National Bank of Shreveport; that on October 17, 1927, the natural tutrix used $4,300 of funds belonging to the plaintiff, on deposit in the First National Bank of Shreveport in the name of Mrs. Jessie T. Leadman, tutrix, to purchase from the bank a mortgage note belonging to the bank for the sum of $5,000; that the use of the money belonging to the plaintiff in purchasing the note was never authorized by any judgment or order of court and was therefore illegal and contrary to law; that the money used to purchase the note represented insurance received by the plaintiff on the life of his deceased father under policies in which the plaintiff was named as beneficiary, together with interest and revenues received from the investment, and from other property belonging exclusively to the plaintiff which was in no manner subject to any usufruct in favor of his mother and natural tutrix; that plaintiff sued for an accounting and secured a judgment against his natural tutrix for $19,152.62 and interest; that on an execution issued on the judgment, property of the natural tutrix was sold by public auction and adjudicated to the plaintiff for $13,780, who was authorized to retain $2,000, representing the amount of superior liens and privileges on the mortgaged property; that the writ of execution issued under the judgment has been or should have been credited with the sum of $11,588.75; that neither the natural tutrix nor the First National Bank of Shreveport has ever returned to the plaintiff the sum of $4,300 used in purchasing the note from the bank and the plaintiff has never bene-

fited in any way by reason of the purchase of the note; and that the First National Bank of Shreveport had knowledge that the natural tutrix was delivering to it $4,-300 of the plaintiff's funds by a check on the bank itself drawn by the natural tutrix without being authorized by court and that the bank was in bad faith in accepting the funds and is under a quasi contract to restore them with interest to the plaintiff. The plaintiff in his prayer asked for judgment against the defendant bank in the full sum of $4,300 with legal interest thereon from October 17, 1927, until paid and for all costs.

The defendant interposed exceptions of no right and no cause of action, a plea of res judicata and a plea of estoppel. The exceptions and pleas were submitted and the trial court overruled the exceptions, denied the plea of res judicata and maintained the plea of estoppel ordering the dismissal of the plaintiff's suit. A formal judgment was signed by the trial court maintaining the plea of estoppel from which the plaintiff has appealed.

The plea of estoppel is based on judicial admissions claimed to have been made in a prior suit. Leadman v. First National Bank, number 64,941 of the docket of the lower court. We had occasion to entertain that case on appeal, Leadman v. First National Bank, 184 La. 715, 167 So. 200.

The admissions claimed to have been made in the prior suit are in substance and effect that the note involved herein was purchased with the funds and for the account of the plaintiff. It is alleged in the plea that the plaintiff having affirmed

the investment of his funds in the prior suit is now estopped by his judicial admissions to disavow the purchase of the note for his account and cannot maintain this suit on a purported cause of action inconsistent with his allegations in the prior suit.

In entertaining the plea it is necessary to consider all of the allegations in the petition in connection with the prayer for the reason that judicial admissions made in a party's pleadings cannot be divided against him and they must be taken in connection with all other declarations made in his pleadings. Article 2291, R.C.C., Scurto v. Le Blanc, 191 La. 136, 184 So. 567.

From our examination of the petition and prayer in the prior suit we find that the plaintiff was seeking to recover $4,300 of his funds he claimed he was deprived of by fraudulent schemes concocted by the defendant. The trial court in its reasons for judgment in the prior suit arrived at this same conclusion. When we entertained the suit on appeal, Leadman v. Bank, supra, we did not discuss the plaintiff's petition and prayer in full but we did approve the conclusions reached therein by the trial court in this respect. We stated therein that whether or not the plaintiff could recover in a different suit was not involved.

The trial judge in the present suit, who was also the trial judge in the prior suit, in his reasons for judgment concluded that the present suit is based on the unauthorized purchase of the note and that the prior suit had no connection with the unauthorized purchase of the note but was based on a fraudulent scheme claimed to have been concocted by the defendant. We are of the opinion that the present suit is based solely on the unauthorized use of the minor's funds in the purchase of the note.

Under the provisions of Act 88 of 1926 amending Article 348, R.C.C., the funds of a minor cannot be invested except under a decree of a court having jurisdiction over the tutorship. At the time the funds were used, in 1927, this law was in effect. Those who deal with tutors acting on behalf of minors do so at their peril. Union Nat. Bank v. Forstall, 41 Ann. 113, 6 So. 32. If a bank knowingly receives the funds of a minor in payment of a tutrix' personal obligation, it is liable therefor. Leadman v. Bank, supra.

The obligations of persons who have acquired minors' property without the forms of law to restore the thing, the fruits and revenues results from a quasi contract. Articles 2293 and 2294, R.C.C.; Heirs of Burney v. Ludeling, 47 La.Ann. 73, 16 So. 507.

We therefore conclude that the defendant cannot single out one or more of the allegations in the plaintiff's petition in the prior suit and use it as a basis for the plea of estoppel and thereby divide the plaintiff's pleadings against him. We further conclude that the cause of action in the present suit is different from the cause of action involved in the prior suit.

Counsel for the appellant is under the impression that we cannot consider the exception of no cause of action and the plea of res judicata for the reason that no appeal was taken from the judgment of the

trial court thereon and that no answer has been made to this appeal from the judgment sustaining the plea of estoppel. We will not consider this contention for the reason that we do not believe that the exception and plea are well founded.

The plea of res judicata is not well founded for the reason that the suits involve different causes of action. Hope v. Madison, 194 La. 337, 193 So. 666.

■ The exception of no cause of action was properly overruled by the trial court for the reason that the petition sufficiently sets forth that the defendant accepted the minor's funds knowing the natural tutrix was not authorized by the court to use the funds in purchasing the note and that the defendant was in bad faith in accepting the funds.

Counsel for the appellee is under the impression that the investment of the minor's funds without an order of court was a breach of trust and that the bank by its participation therein is liable to the extent the minor is damaged.

The theory of the present suit is not based on a claim for damages for a breach of trust but based on a quasi contract. The plaintiff is seeking the restoration of his funds that he claims the bank knowingly and in bad faith received in the unauthorized purchase of the note.

For the reasons assigned the judgment is reversed and set aside and the case is remanded to be proceeded with according to law.

O'NIELL, C. J., dissents and hands down reasons.

McCALEB, J., did not participate.

O'NIELL, Chief Justice (dissenting).

My opinion is that the cause of action in this case is the same cause of action that was presented in the former case of Leadman v. First National Bank, 184 La. 715, 167 So. 200. The difference is not in the cause of action but only in the argument or reasoning with which the cause of action is presented in the petition in this case. Liles v. Texas Co. 166 La. 293, 117 So. 229. For that reason the defendant's plea of res judicata in this case should prevail. The only distinction which the plaintiff in this suit attempts to make between the cause of action presented in his former suit and the cause of action which he presents in this suit is that in the former suit the plaintiff sued as the owner of the note in which his funds were invested and in this suit he attempts to repudiate the investment on the ground that it was not specifically authorized by an order of court. The theory on which the plaintiff based his first suit and the theory on which he bases this suit are founded upon the same facts but are not consistent. For that reason the judge of the district court was right in dismissing this suit.