HOOD, Judge.
Plaintiffs, Jack Hayes and Milton Knox, instituted this suit for a money judgment against defendant, Fritz J. Muller, based on quasi contract, quantum meruit and/or defendant’s unjust enrichment. The suit was later dismissed as to Hayes, leaving Knox as the sole plaintiff. Judgment was rendered by the trial court maintaining an exception of prescription of ten years filed by defendant, and dismissing the suit. Plaintiff Knox has appealed.
The issues presented here are: (1) Was the prescription pleaded by defendant interrupted by the filing of another suit by plaintiff in 1960? (2) Did prescription begin to run in October, 1953, as contended by defendant, or in the early part of 1959, as contended by plaintiff? (3) Was the prescription pleaded by defendant interrupted by fraud and deceit allegedly practiced by defendant Muller ?
Hayes and Knox instituted another suit against Muller in 1960 relating to this transaction, and some of the issues presented in that suit were considered by us and by the Supreme Court before the present action was instituted. See Hayes v. Muller, 146 So.2d 176 (La.App. 3 Cir. 1962); Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963); Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966). We refer to the opinions rendered in those cases for a more complete statement of the facts which are pertinent to the issues presented here.
On October 16, 1953, defendant Muller acquired from Etta Stamm Sweeney and others an oil, gas and mineral lease affecting lands in Acadia Parish, Louisiana. He sold that lease to Louisiana Gas Corporation on December 10, 1959.
Hayes and Knox filed suit against Muller on June 4, 1960, alleging that prior to the acquisition of the Sweeney lease plaintiffs and defendant had entered into an oral contract of joint venture, under the terms of which all of the parties were to share equally in the loss sustained or profits derived from the purchase and sale of certain oil *832 leases and royalties, and that the Sweeney lease was acquired pursuant to the terms of that agreement. They alleged that the lease was sold by Muller at a substantial profit, and that under the provisions of the above-mentioned contract plaintiffs are entitled to a share of the profits derived from the purchase and sale of that lease. In that suit plaintiffs demanded specific performance of the oral contract of joint venture. Defendant Muller filed an exception of no cause or right of action, and by judgment rendered on December 16, 1963, the Louisiana Supreme Court maintained that exception and dismissed the suit. See Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963).
On December 23, 1963, plaintiffs filed a “Supplemental and Amending Petition” in the same suit, demanding judgment against Muller on quantum meruit for services alleged to have been rendered by them for Muller, and for advice allegedly given by them to said defendant, prior to the acquisition of the Sweeney lease. The defendant filed a motion to strike the Supplemental and Amending Petition, and our Supreme Court, by judgment rendered on February 23, 1966, granted that motion and dismissed the Supplemental and Amending Petition filed by plaintiffs. See Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966).
In the last-mentioned decision the Supreme Court held that since the original suit had been dismissed the case was at an end, there was no petition for plaintiffs to amend, and plaintiffs’ remedy was to file a new suit. In that connection, the court said:
“Here, there was no petition for plaintiffs to amend and no suit in which an alternative demand could be made. For that suit had previously been dismissed; the judgment had become final and the main demand was no longer extant so that the subsequent demand could not procedurally become an alternative demand. * * * And when the action was dismissed that was the end of the case; it was then finally closed and, when plaintiffs instituted the present demand, they could not procedurally assert it by way of a so-called amending petition. Their remedy is to file a new and separate suit.”
On March 11, 1966, within three weeks after the above-mentioned decision was rendered by the Supreme Court, plaintiff filed the instant suit seeking to recover from defendant Muller on the theory of quasi contract, quantum meruit and/or defendant’s unjust enrichment. Defendant filed an exception of prescription, asserting that this action is prescribed by the Iterative prescription of ten years as provided in Article 3544 of the Louisiana Civil Code. He alleged in the exception that the services were rendered and the advice was given during and before the month of October, 1953, which was more than ten years prior to the time the petition was filed in this action, and that the cause of action asserted here thus has prescribed.
When the exception of prescription came up for trial defendant offered and filed in evidence the deposition of plaintiff Knox. Plaintiff testified in that deposition that in 1953 a well was drilled in search of oil or gas at a location in Acadia Parish near the Sweeney property. It was known as the Petitjean No. 1 Well. Knox had access to the logs which were run on that well, and on October 8, 1953, Knox advised defendant Muller that the Petitjean well was possibly productive. On October 16, 1953, Knox advised Muller that there was “close to 100 feet of sand in the well,” and he recommended to Muller that he buy anything he could buy in that area, including the Sweeney lease. Acting upon that advice, Muller bought the Sweeney lease that same day, October 16, in Muller’s name.
Muller did not conceal from Knox the fact that he had acquired the Sweeney lease. Knox, in fact, concedes that he learned that Muller had acquired the lease within a few weeks after that transaction *833 took place, and that he and Hayes talked to Muller about it. He alleges that on that occasion Muller advised them “that this matter would be discussed at a later date and as activity in the area was at that time dormant petitioners did not again question defendant concerning this lease for several months.” Plaintiff alleges that he again talked to Muller about the lease during the early part of 1959, and that Muller again advised “that the matter would be discussed at a later date.”
Plaintiff contends that the Sweeney lease was purchased by Muller pursuant to Knox’s advice and recommendations, and because of the confidential geological information which Knox had given to Muller. He also contends that Muller acquired the lease pursuant to a prior agreement between Knox, Hayes and Muller that they were to share equally in the costs and profits of that venture.
The trial judge concluded that the ten year prescription period provided by LSA-C.C. art. 3544 began to run on October 16, 1953, that being the date on which Knox disclosed to Muller the confidential geological information relating to the Petitjean well and the prospects of producing oil from the surrounding property. The trial judge also held that the filing of the original suit by Hayes and Knox on June 4, 1960, seeking specific performance of the oral contract of joint venture, did not interrupt the running of prescription against Knox’s present suit filed on March 11, 1966, in which he seeks relief on quasi contract, quantum meruit or unjust enrichment.
The parties apparently agree that the ten year prescription provided in LSA-C.C. art. 3544 applies here. They disagree, however, as to whether the running of that prescription has been interrupted or as to when the prescriptive period began to run.
Defendant argues that prescription runs against a cause of action, and that an earlier suit stating one cause of action will not interrupt the running of prescription against a subsequent suit setting forth a separate and different cause of action. Applying that rule to the issues presented here, defendant contends that the original suit instituted by plaintiff against Muller was for specific performance of a contract, whereas the instant suit is based on a distinctly separate and different cause of action, that being a demand for a money judgment based on quantum meruit. He takes the position that since the two suits are based on different causes of action, the filing of the first one did not interrupt the running of prescription as to the present suit.
In support of that argument defendant cites a number of authorities, the principal ones being Hope v. Madison, 194 La. 337, 193 So. 666 (1940); Callender v. Marks, 185 La. 948, 171 So. 86 (1936); Seavers v. Journee, 11 La.Ann. 143 (1856); Liles v. Barnhart, 152 La. 419, 93 So. 490, (1922); De Bouchel v. Koss Construction Co., 177 La. 841, 149 So. 496 (1933); Leadman v. First National Bank, 198 La. 466, 3 So.2d 739 (1941); LSA-C.C. arts. 3534, 3536, 3538 and 3544; and LSA-R.S. 9:5801.
Plaintiff Knox argues that the two suits instituted by him and by Hayes were not based on separate causes of action. He takes the position that the only difference between the suit which was instituted in 1960 and the present suit is in the “theory of recovery.” He contends that the filing of the original suit had the effect of apprising Muller of all of the facts and circumstances supporting plaintiffs’ claim in the present suit, and that the former suit thus interrupted the running of prescription against the later one.
Plaintiff relies principally on the cases of Allen v. Yantis, La.App., 190 So. 239 (1939); Spring v. Barr, 9 La.App. 732, 120 So. 256 (1929); National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965) ; Travelers Insurance Company v. Brown, 338 F.2d 229 (5th Cir. 1964); and Hope v. Madison, 192 La. 593, 188 So. 711 (1939).
*834 Defendant points out that all of the above-cited articles of the Louisiana Civil Code relating to liberative prescription provide that the “actions” therein described prescribe by the lapse of certain periods of time. (LSA-C.C. arts. 3534, 3536, 3538 and 3544). And, he argues that by using the term “actions,” these articles mean that prescription runs against “causes of action.”
We are unable to agree with defendant in his interpretation of these articles, of in his argument that prescription runs against causes of action. We believe it runs against an action, and we think the word “action,” as used in our statutes and jurisprudence, means something different from “causes of action.”
In Black’s Law Dictionary some of the definitions of the word “action” are: “The legal and formal demand of one’s right from another person or party made and insisted on in a court of justice * * * Pursuit of right in court, without regard to form of procedure * * * Form of suit given by law for recovery of that which is one’s due.”
Article 421 of the Louisiana Code of Civil Procedure defines a civil action as being “a demand for the enforcement of a legal right.” Comment (a) appearing under that article makes it clear that that is the only meaning which is to be given to that term. There are many other articles in the code which include the word “action,” and we think all of them use that term as meaning a demand by means of some judicial proceeding for the enforcement of a supposed legal right.
Our Supreme Court has recognized the clear distinction between a “cause of action” and an “action” or a “demand.” ' In Hope v. Madison (192 La. 593, 188 So. 711), for instance, that court said:
“A cause of action is an act on the part * of a defendant which gives rise to plaintiff’s cause of complaint; ‘the existence of those facts which give a party a right to judicial interference in his behalf’; ‘the situation or state of facts which entitles a party to sustain an action.’
“ ‘When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff’s right to sue is based, and upon which the defendant’s duty has arisen, coupled with the facts which constitute the latter’s wrong.’ ” (Emphasis added).
In National Surety Corp v. Standard Accident Ins. Co., supra, the Supreme Court held that “the ‘demand’ of the suit is not synonymous with the ‘cause of action’ therein * * * The demand is the object of the suit * * * A cause of action is ‘the situation or state of facts which entitles a party to sustain an action’, i. e., which gives him ‘a right to judicial interference in his behalf.’ ”
An “action” instituted by a plaintiff may or may not state a “cause of action.” And, an action which states a cause of action may conclude with more than one demand. Our courts have been called upon many times to determine whether a petition which alleges a situation or state of facts actually alleges a cause of action as to all of the demands. In many instances the appellate courts have held that the alleged facts state a cause of action as to some of the demands and not as to others. See Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App. 3 Cir. 1965) and the cases therein cited. Also, see City of Natchitoches v. State, 221 So.2d 534 (La.App. 3 Cir. 1969).
With this understanding as to the difference in the meaning of the terms “action” and “cause of action,” and having concluded that the prescription provided in LSA-C.C. art. 3544 runs against “actions” and not “causes of action,” we direct our attention to the issue of whether the institution of the original action by plaintiff in 1960 interrupted the running of prescription against the present action which was instituted in 1966.
*835 A comparison of the petition which was filed by Hayes and Knox in 1960 with the one which they filed in 1966 shows that the same facts were alleged in both of those pleadings. The factual allegations in each petition, in fact, are almost identical. The only substantial difference between the two petitions appears in the last three articles and in the prayer of each such pleading.
The last three articles of the original petition (filed in 1960) contained allegations which, in substance, are to the effect that defendant’s actions constituted a breach of his contract with plaintiffs, that plaintiffs are entitled to specific performance of that contract, and that plaintiffs are entitled to an accounting. In that petition plaintiffs prayed for judgment ordering specific performance of the alleged contract and alternatively for an accounting.
The last three articles of the petition in the instant suit (filed in 1966) contain allegations substantially to the effect that defendant unjustly enriched himself by obtaining confidential geological information and advice from plaintiffs, all as previously alleged in the same petition, and that plaintiffs are entitled to recover the reasonable value of their services, information and advice. In this suit plaintiffs pray only for a money judgment against defendant.
We think the last three articles in each petition contain allegations which are merely conclusions of law. The same situation and the same state of facts have been alleged in each petition. No new fact or different ground was set out in the present suit which was not alleged in almost identical words in the original action. The only difference between the original suit and the present one is in the alleged “theory of recovery” and in the “demand.”
Since the same grounds, the same situation and the same state of facts were alleged in each of these two suits, we conclude that the same “cause of action” was alleged in each suit. The demands based on that cause of action, however, are different. The petition filed in the original suit concluded with two separate demands, and it ultimately was determined that the petition did not state a cause of action as to either of those demands. The petition filed in the instant suit alleges the same cause of action, but it concludes with an entirely different demand. The Supreme Court has determined that the decision rendered in the original suit is not res judicata as to the demand in the instant suit.
LSA-R.S. 9:5801, relating to the interruption of prescription by filing of suit, provides:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
Defendant interprets that section of the Revised Statutes as indicating that prescriptions run only against causes of action. We do not agree. We think it means that the commencement of a civil action in a court of competent jurisdiction and in the proper venue will interrupt the running of prescription as to all defendants against a subsequent action which alleges the same cause of action, or which concludes with a demand based on the same cause of action.
We think LSA-R.S. 9:5801 is applicable here. The prescription provided by Article 3544 of the Civil Code applies to both of the actions which were instituted by plaintiff, and thus that prescription is one “affecting the cause of action therein sued upon.” Although the demands were different, both cases were based on the same cause of action, and under that statute we think the filing of the original suit in 1960 interrupted the running of prescription against the institution of the later suit.
*836 The case of Travelers Insurance Company v. Brown, supra, involved an action for damages for the death of plaintiff’s husband. The suit was instituted against Travelers, as the insurer of “Ethyl Corporation.” More than one year after the accident occurred, plaintiff sought to amend her petition to allege that Travelers was the insurer not only of Ethyl Corporation, but also of its executive officers, directors, and others. A plea of prescription as to the amended petition was overruled by the trial court, and the U. S. Court of Appeal, Fifth Circuit, affirmed. There, the court said:
“Turning to the case before us, we find that the only difference between the original and amended complaints is the inclusion of the allegation that Travelers was the insurer of the Ethyl management and employees as well as the Ethyl Corporation. Even if this change is seen as more than a clarification of the original complaint, it can be interpreted only as a change in theory of recovery. The transaction or occurrence that gave rise to the demand for payment remains unchanged. * * * While the original complaint may not have been sufficient to support a recovery, it was adequate to interrupt prescription with regard to the defendants named. See also, Lunkin v. Triangle Farms, 1945, 208 La. 538, 23 So.2d 209; Jackson v. American Employers’ Ins. Co., 1942, 202 La. 23, 11 So. 2d 225.” (Emphasis added).
In National Surety Corp. v. Standard Accident Ins. Co., supra, the employer’s compensation insurer sued an alleged third party tortfeasor to recover compensation benefits paid to the injured employee. The employee intervened more than one year after the accident occurred, and the defendant filed a plea of prescription as to the employee’s intervention. Our Supreme Court held that the filing of the original suit by the insurer interrupted the running of prescription against the employee’s intervention. The court said:
“LSA-R.S. 9:5801, supra, recites that all prescriptions affecting the cause of action sued upon are interrupted as to all defendants by the commencement of a civil action in a court of competent jurisdiction. Certainly the claim of Tyson affected the one cause of action alleged by plaintiff; it follows that any prescription applying to the filing of an intervention by Tyson was interrupted by the timely filing of suit by the employer’s insurer, especially, as stated supra, when the intervention was filed before answer.” (Emphasis added).
The issues raised and determined in Cal-lender v. Marks, supra, were almost identical to those presented in the instant suit. There, plaintiff instituted an action for damages resulting from the collapse of a reservoir which allegedly had been negligently constructed by defendant. Defendant pleaded prescription of one year, and an issue was raised as to whether the filing of a prior suit by plaintiff had interrupted the running of prescription against the later one. The Supreme Court observed that the original suit was “based upon the same claim,” but that it had been dismissed on an exception of no cause of action because “the petition in that suit lacked sufficient allegations of fact to show negligence and fault on the part of defendant.” The petition in the later suit, filed more than a year after the damage was sustained, contained allegations identical to those of the first suit, except that allegations of negligence were added and some allegations relating to the cancellation of a lien were omitted. The trial court sustained defendant’s exception of prescription, and the court of appeal affirmed. Our Supreme Court reversed those judgments, however, and held that prescription was interrupted by the filing of the original suit. In so holding, the court set out the following rules which we think are applicable here:
“The jurisprudence is well established that where a petition imperfectly states a cause of action due to insufficiency of allegations, but informs the defendant of *837 the nature of the claim or demand, an amended petition supplying the deficiency may be filed even after an exception of vagueness or an exception of no right or cause of action has been sustained, and after the prescriptive period has elapsed, because the amendment does not set up a new, different, or separate cause of action, but merely clarifies and amplifies the allegations of the original petition or demand which interrupted prescription. * * *.
“Where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing thereof, and the amended petition, or the subsequent suit, which does set forth a cause of action or another demand based on different grounds than those contained in the original petition, does not date back to the filing of the original petition, and, if filed after the prescriptive period has elapsed, will be dismissed upon a plea of prescription." * * * (Emphasis added).
Upon applying those rules to the case of Callender v. Marks, the Supreme Court arrived at the following conclusions:
“Plaintiff in the second suit did not assert a new, different or separate cause of action. The cause of action attempted to be stated, or the demand made in the original, as well as a second petition, is one and the same. It is identical. Defendant was fully apprised of the nature of the claim of the plaintiff and what was being demanded of him. Therefore, it is our opinion that prescription was interrupted.”
With the rules set out in Callender v. Marks in mind, we have examined the record to determine: (1) Whether the original suit filed by plaintiffs was dismissed because the petition imperfectly stated a cause of action due to insufficiency of allegations, but informed the defendant of the nature of the claim or demand; or (2) whether the original suit was dismissed because it did not state any right or cause of action whatsoever. Our conclusion is that the original suit was dismissed because the petition filed therein imperfectly stated a cause of action due to insufficiency of allegations, but that the petition was sufficient to fully inform defendant of the nature of the claim or demand. Under the rule of Callender v. Marks, therefore, the original suit interrupted the running of prescription against the present action.
Defendant contends further, however, that the decision rendered by the Supreme Court on February 23, 1966, in the original action constitutes “a direct and unequivocal ruling by the Supreme Court in this very controversy that the present quantum me-ruit claim is a separate and independent cause of action from the original suit on the verbal contract.” As the basis for that argument, he quotes the following excerpt from the Supreme Court’s opinion:
“However, although the judgment of dismissal is res judicata of the cause of action therein alleged on a verbal contract, it is not res judicata of plaintiffs’ present demand for recovery against Muller on a quantum meruit basis as this claim is clearly independent of the cause previously asserted in this suit and has never been adjudicated. (248 La. 934, 183 So.2d 310, 312).
We do not agree with defendant that the above-quoted portion of the Supreme Court’s decision constitutes a ruling that the two petitions alleged separate and independent causes of action. In the first place, that ruling did not apply to an exception of prescription, since no such exception was pending then. And, secondly, we do not think the language used by the court conveys the meaning which defendant attributes to it.
The above-quoted ruling of the court applied to an exception of res judicata which was filed by defendant to plaintiffs’ Supplemental and Amending Petition in the original suit. No issues as to prescription *838 or as to the interruption of prescription were even raised in that original suit. The rules which are applicable in determining issues of res judicata are entirely different from those which govern issues relating to prescription. In view of this difference in rules, we find no merit to defendant’s argument that plaintiff is on the horns of this dilemma: (1) If the new action involved the same cause of action as the one originally asserted, it is barred by the plea of res judicata; or (2) if the present action asserts a new and independent cause of action, it is barred by prescription of ten years.
The rules which must be applied in determining issues of res judicata are set out in Article 2286 of the Louisiana Civil Code, which article reads as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” (Emphasis added).
In Hope v. Madison (194 La. 337, 193 So. 666) our Supreme Court pointed out that “the plea of res adjudicata is without force unless the object demanded in the former suit was precisely the same as that demanded in the action pending,” and that “the authority of res adjudicata takes place only with respect to what was the object of the judgment.”
In Eugene v. Ventress, 253 La. 840, 220 So.2d 94, 1969, the Supreme Court rejected a plea of res judicata, one of the grounds for doing so being that “the thing demanded must be the same,” and that “the thing demanded here, that is, ownership, has never been adjudicated between these parties.”
And, in Leadman v. First National ■Bank, supra, a plea of res judicata was rejected by the Supreme Court because “the theory of the present suit is not based on a claim for damages for a breach of trust but based on a quasi contract.”
The “thing demanded” in the instant suit is not the same as the thing demanded in the prior suit. The demand in the instant suit is for a money judgment based on quantum meruit. The demand in the prior suit was for specific performance and an accounting, based on the theory that there had been a breach of contract. The thing demanded in each suit thus was different, although both demands were based on the same cause of action.
When the original action involved here was before the Supreme Court, we think the court made it clear that plaintiffs’ present demand against Muller is for recovery on a quantum meruit basis, whereas the prior demand was for recovery “on verbal contract,” although both suits are based on the same cause of action. The exception of res judicata filed in that prior suit was good only as to the demand which was made for specific performance and an accounting. The exception was without merit as to the demand for a money judgment on a quantum meruit basis.
Our conclusion is that the filing of the original suit by Hayes and Knox in 1960 was based on the same cause of action as is the instant suit, and that the filing of that prior suit interrupted the running of prescription against the instant suit in 1966. The exception of prescription of ten years filed by defendant in the present suit thus must be rejected. We think the trial court erred in sustaining that exception.
Since we have concluded that prescription was interrupted by the filing of the original suit and that the exception of prescription must be overruled on that ground, it is unnecessary for us to consider the additional arguments made by plaintiff Knox in support of his contention that the exception of prescription should be overruled.
For the reasons herein set out, the judgment appealed from is reversed. The ex *839 ception of prescription filed by defendant is overruled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.
FRUGÉ, J., dissents and agrees with Trial Judge.
Rehearing denied.
FRUGÉ, J., votes for rehearing.