LEMMON, Judge.
Plaintiffs have appealed from a judgment maintaining an exception of prescription and dismissing their suit to annul the sale of stock which they purchased from J. C. Bradford & Co., a securities broker. The principal issue is whether prescription was interrupted by an earlier federal suit. We affirm.
The stock transaction, involving 3,100 shares of common stock in ‘ Howard Bros. Discount Stores, Inc., took place in June, 1972. In April, 1974 plaintiffs filed suit in federal court against Howard Bros, and Bradford, alleging that Howard Bros, had issued a quarterly report containing false and misleading representations as to sales and earnings and that Bradford’s salesman had delivered the report and other brochures to them and had represented that the information was correct. Plaintiffs alleged further that they did not discover the true condition of Howard Bros, until April, 1973, less than one year before suit was filed.
In July, 1976 plaintiffs amended their complaint, alleging without explanation that state courts “have pendent jurisdiction” and further alleging that Bradford’s salesman was “making a market” in the shares and had recommended the stock without reasonable basis or adequate investigation. Then in September, 1976 plaintiffs included in a pre-trial order the issue of violations of R.S. 51-701 et seq., but that issue was ordered deleted because the scheduled trial was only two weeks away. The suit against Bradford was dismissed by judgment after trial, the claim against Howard Bros, having been compromised earlier.
The present action against Bradford, filed in June, 1977, seeks to annul the 1972 sale of stock on the basis that neither Bradford nor its salesman had registered in Louisiana as required by R.S. 51:710.
R.S. 51:715E provides that “(n)o person may sue under this section (which provides for the liability of a person who violates R.S. 51:710) more than two years after the contract of sale.” However, plaintiffs assert that prescription was interrupted by the 1974 filing of the federal suit and citation upon Bradford. They rely upon R.S. 9:5801, which provides that “[a]ll prescriptions effecting the cause of action therein sued upon” are interrupted as to the defendant served by service of process.
The issue of prescription turns on the question of whether the cause of action asserted in 1974 for violation of federal securities law by misrepresentation was the same cause of action asserted in 1977 for violation of state securities law by failing to register. Plaintiffs contend that the “cause of action therein sued upon” was the same in each suit, the only difference between the two suits being the theory of recovery.
In National Surety Corp. v. Standard Acc. Ins. Co., 247 La. 905, 175 So.2d 263 (1965), a prescription case, the court quoted Hope v. Madison, 192 La. 593, 188 So. 711 (1939), which had defined a cause of action as follows:
“A cause of action is an act on the part of a defendant which gives rise to a plaintiff’s cause of complaint; ‘the existence of those facts which give a party a right to judicial interference in his behalf’; ‘the situation or state of facts which entitles a party to sustain an action’ ”. “ ‘When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff’s right to sue is based, and upon which the defendant’s duty has arisen, coupled with the facts which constitute the latter’s wrong’ ”.
The factual basis for the cause of action asserted in the federal court complaint is Bradford’s salesman’s delivery of the false quarterly report and misrepresentation of the corporation’s true financial picture which he knew or should have known. The factual basis for the cause of action stated in the state court petition is Bradford’s failure to register as a broker-dealer in Louisiana before engaging in business here.
Clearly there were different acts or omissions by Bradford and different facts underlying plaintiffs’ right to sue Bradford in *609 the two suits. This is vastly different from two suits asserting different theories of recovery based on the identical factual situation, as was the case in Hayes v. Muller, 243 So.2d 830 (La.App. 3rd Cir. 1971), cited by plaintiffs. Admittedly in this case, both causes of action are related to the same stock transaction and the demand in both suits is to recover the purchase price of the stock, but “demand” is not synonymous with “cause of action”.[1] National Surety Gorp. v. Standard Ace. Ins. Go., above. The two causes of action are not the same, and the filing of one did not interrupt prescription as to the other.
The judgment is affirmed.

AFFIRMED.

. In Mitchell v. Bertolla, 340 So.2d 287 (La.1976), a res judicata case, the court observed that the phrase “cause of action” in C.C. art. 2286 was a mistranslation of “cause”, which was likened to “grounds”.
We hold, however, that “cause of action”, as used in R.S. 9:5801, means cause of action in its usual significance.