STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1136

PATRIOT CONTSTRUCTION & EQUIPMENT, LLC

VERSUS

RAGE LOGISTICS, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20143941
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
John E. Conery, Judges.

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED.

Murphy J. Foster, III
Jacob E. Roussel
Breazeale, Sachse & Wilson, LLP
P. O. Box 3197
Baton Rouge, LA 70821-3197
(225) 387-4000
COUNSEL FOR PLAINTIFF/APPELLANT:
    Patriot Contstruction & Equipment, LLC

**Emile Joseph, Jr.**
**David J. Ayo**
**Allen & Gooch, A Law Corporation**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1310**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **IDIM Construction, LLC**
    **Trahan Construction, LLC**
    **City of Youngsville**

**James P. Doherty, III**
**Becker & Hebert, LLC**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Rage Logistics, LLC**

PETERS, J.

The plaintiff, Patriot Construction & Equipment, LLC, appeals a trial court judgment granting peremptory exceptions of no cause of action and no right of action in favor of IDIM Construction, LLC, Trahan Construction, LLC, and the City of Youngsville, and dismissing the three defendants from the litigation.  For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## DISCUSSION OF THE RECORD

On July 31, 2014, Patriot Construction & Equipment, LLC (Patriot Construction) filed suit against Rage Logistics, LLC (Rage Logistics) on the theories of open account and breach of contract, and against IDIM Construction LLC (IDIM Construction) on the theory of unjust enrichment.  Patriot Construction asserted the amount in dispute to be $56,911.24.  Patriot Construction amended its original petition on October 7, 2014,[1] adding Trahan Construction, LLC (Trahan Construction) and the City of Youngsville (the City) as defendants.  This amendment identified the following claims against each of the defendants:

(1)     Against Rage Logistics—breach of contract, open account, quantum meruit, and unjust enrichment;

(2)     Against IDIM Construction—breach of contract, detrimental reliance, quantum meruit, and unjust enrichment;

(3)     Against Trahan Construction—quantum meruit and unjust enrichment; and

(4)     Against the City—quantum meruit and unjust enrichment.

IDIM Construction responded to the original petition by filing peremptory exceptions of no cause of action and no right of action.  The basis of the exceptions was the assertion that Patriot Construction failed to comply with the notice

---

[1] Patriot Construction FAX-filed its supplemental and amending petition on October 7, 2014, with the original being filed on October 10, 2014.

requirements of Part III of the Louisiana Public Works Act, La.R.S. 38:2241, *et.*
*seq.*[2] After the filing of the supplemental and amending petition, Trahan
Construction and the City joined IDIM Construction in filing new peremptory
exceptions of no right and no cause of action, again based on Patriot
Construction's failure to comply with the requirements of the Louisiana Public
Works Act.

Following a hearing on the exceptions, wherein no evidence was introduced,
the trial court granted both exceptions as to all three defendants and dismissed
Patriot Construction's claims against them. The trial court executed a written
judgment to this effect on August 4, 2015, and issued written reasons for judgment
on August 10, 2015.[3] Thereafter, Patriot Construction perfected this appeal,
asserting two assignments of error:

1. The trial court erred when it held that Patriot (a material
   supplier) did not have a right of action or cause of action for a
   contractual claim against IDIM (a subcontractor) for amounts
   due to Patriot for materials supplied in connection with a public
   works project, when Patriot alleged a direct contractual
   relationship between Patriot and IDIM.

2. In the event that the Court ultimately finds that Patriot does not
   have a valid contract directly with IDIM, thereby excluding
   Patriot as a claimant under the Public Works Act, the trial court
   erred when it held that Patriot (a material supplier) does not
   have a cause of action in equity against IDIM (a subcontractor),
   Trahan (the general contractor), and the City (the owner) to the
   extent that those entities are holding the payment due to Patriot
   for materials supplied in connection with a public works
   project.

---

[2] Part III of the Act is entitled "**CLAIMS OF SUBCONTRACTORS,
MATERIALMEN, AND LABORERS ON PUBLIC WORKS**."

[3] The written reasons for judgment were issued at the request of Patriot Construction.

**OPINION**

Exceptions of no right and no cause of action are both peremptory exceptions, which may be raised pursuant to La.Code Civ.P. art. 927, and the standards for reviewing judgments addressing these exceptions are well settled. In *Miller v. Thibeaux*, 14-1107, pp. 5-6 (La. 1/28/15), 159 So.3d 426, 430, the supreme court set forth the standard pertaining to the exception of no right of action, as follows:

> Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest, which he asserts. LSA-C.C.P. art. 681. *See also Reese v. State Department of Public Safety and Corrections*, 03-1615 (La.2/20/04), 866 So.2d 244, 246. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Id.* (citing LSA-C.C.P. art. 927). The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. *Id.* For purposes of the exception, all well-pleaded facts in the petition must be taken as true. *Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation*, 10-2267 (La.10/25/11), 79 So.3d 246, 253.

With regard to the exception of no cause of action, the supreme court stated the following in *Scheffler v. Adams & Reese, LLP*, 06-1774, pp. 4-5 (La. 2/22/07), 950 So.2d 641, 646-47:

> As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. *Ramey v. DeCaire*, 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118; *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Ramey*, at 7, 869 So.2d at 118; *Everything on Wheels Subaru, Inc.*, 616 So.2d at 1235. No evidence may be introduced to support or controvert the exception of no cause of action. LSA-C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts

3

in the petition must be accepted as true. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans v. Board of Commissioners of Orleans Levee District*, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Ramey*, at 7, 869 So.2d at 118.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. *Ramey*, at 7, 869 So.2d at 119; *City of New Orleans*, at 28, 640 So.2d at 253. Because the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on an exception of no cause of action is *de novo*. *Fink*, at 4, 801 So.2d at 349; *City of New Orleans*, at 28, 640 So.2d at 253. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Ramey*, at 8, 869 So.2d at 119.

Thus, in both exceptions, we accept the well-pleaded facts in the petition to be true. While no evidence can be introduced to support or oppose an exception of no cause of action, evidence can be introduced to support or oppose an exception of no right of action. Additionally, while evidence could have been introduced as to the exception of no right of action, none was introduced. Thus, as was the trial court, we are left with only the well-pleaded facts of the petition to consider.

In its original July 31, 2014 petition, Patriot Construction asserted that IDIM Construction was a subcontractor on a public works project for the City (the Youngsville Sports Complex), and that IDIM Construction subcontracted its obligation "to provide goods, materials, and/or services to IDIM including, without limitation, dirt, sand and/or other material for the project" to Rage Logistics. In an effort to comply with its requirements under the subcontract with IDIM Construction, Rage Logistics began purchasing dirt, sand, and other materials from Patriot Construction on open account. Rage Logistics would use its own vehicles

to pick up the dirt, sand, and other materials at Patriot Construction's site and deliver them to the work site of the public works project. Patriot Construction attached a copy of all of the invoices[4] to the petition, which represented the value of the dirt, sand, and material supplied for the project, and further asserted that it had made amicable demand pursuant to La.R.S. 9:2781,[5] on Rage Logistics for the payment of those invoices, but to no avail. In the alternative, Patriot Construction asserted that a contract existed between it and Rage Logistics; and/or Rage Logistics was liable to it on the theory of unjust enrichment.

With regard to IDIM Construction, Patriot Construction asserted that at some point, Rage Logistics ceased transporting and delivering the supplied sand, dirt, and other materials, and that IDIM Construction starting picking up the materials in its own trucks for delivery to the construction site. Claiming to have no contract with IDIM Construction, Patriot Construction asserted an unjust enrichment claim against that entity. This claim is based on the following language in paragraph eleven of the original petition:

> When Rage failed to transport and deliver the material from Patriot's premises to the project site, IDIM took possession of the material at Patriot's premises using its own truckers, and/or outside truckers hired by IDIM, who hauled the material from Patriot's premises to the YSC project site with, among other things the intent to exercise control over the material, assert ownership over the material and/or preclude Patriot's possession thereof.

Finally, Patriot Construction asserted that Rage Logistics and IDIM Construction were liable in solido for the value of the dirt, sand, and other materials it provided.

In its supplemental and amending petition, Patriot Construction added the other two defendants, asserted basically the same factual scenario as it had in the

---

[4] The invoices total the amount claimed, $56,911.24, and all are addressed to Rage Logistics.

[5] Louisiana Revised Statutes 9:2781 is the statute setting forth the notice requirements for a claim on open account.

original petition, and set forth the relationship between the parties to be as follows:

2.

By written contract agreement dated December 19, 2012, the City, as the owner, engaged Trahan, as the general contractor, to construct the public works project known as the Youngsville Sports Complex ("Project").

3.

Trahan engaged IDIM, as subcontractor, to perform a certain portion of the work on the Project.

4.

IDIM subsequently contracted with Rage to procure, excavate, load and deliver dirt, sand, and/or other material necessary for the completion of the Project.

With regard to the relationship between itself and Rage Logistics, Patriot Construction stated the following:

5.

At Rage's request, Patriot provided goods, materials, and/or services in connection with the construction of the Project including, without limitation, dirt, sand, and/or other materials on various dates.

6.

Patriot fully and satisfactory [sic] fulfilled its agreement to provide goods, materials, and/or services in connection with the construction of the Project. IDIM and/or Rage picked up the materials provided by Patriot directly from Patriot's facility.

7.

Throughout the course of the Project, Patriot timely submitted invoices to Rage for the materials satisfactorily provided by Patriot to IDIM and/or Rage. The invoices set forth the correct amount due to Patriot, which total outstanding amount is $56,911.24.

Specifically, with regard to Rage Logistics, Patriot Construction asserted breach of contract, open account liability, quantum meruit, and unjust enrichment.

As to IDIM Construction's liability, Patriot Construction asserted that it "entered into a valid and enforceable contract with Patriot when IDIM directly

6

picked up the material provided by Patriot in connection with the Project from Patriot's facility and represented to Patriot that it would fully compensate Patriot for all material supplied." Based on IDIM Construction's actions, Patriot Construction asserts claims of breach of contract, detrimental reliance, quantum meruit, and unjust enrichment against it.

As to the City and Trahan Construction, Patriot Construction seeks recovery via quantum meruit and unjust enrichment, based on the fact that these entities had the benefit of the sand, dirt, and materials it provided to Rage Logistics and/or IDIM Construction. That is to say, the sand, dirt, and materials were used in the project, and they should at least be responsible for the value thereof.

### Exception of No Right of Action

Louisiana Code of Civil Procedure Article 927(A)(6) clearly establishes that the exception of no right of action relates to the "interest in the plaintiff to institute the suit." Additionally, La.Code Civ.P. art 931 provides that when the peremptory exception of no right of action is pleaded prior to trial, as is the case in the matter before us, "evidence may be introduced to support or controvert" the exception "when the grounds therefore do not appear from the petition." In this case, no party introduced evidence at the hearing on the exceptions, and we are left with only Patriot Construction's petitions to determine if it is the entity having an interest in instituting the suit.

In its petitions, Patriot Construction established that it was the party providing the sand, dirt, and materials for the project, and was doing so on credit. That being the case, Patriot Construction is clearly the party with the right to institute the suit. Thus, we find that the trial court erred in granting the exception of no right of action.

7

## *Exception of No Cause of Action*

With regard to an exception of no cause of action, "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. The exception is "triable on the face of the pleadings" and "the well-pleaded facts in the petition must be accepted as true." *Scheffler*, 950 So.2d at 646.

### *Patriot Construction's Claims against IDIM Construction*

As provided by La.Civ.Code art. 1906, "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." "A contract is formed by the consent of the parties established through offer and acceptance." La.Civ.Code art. 1927. Furthermore, "Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La.Civ.Code art. 1927. Additionally, La.Civ.Code art. 518 provides, in part:

> The ownership of a movable is voluntarily transferred by a contract between the owner and the transferee that purports to transfer the ownership of the movable. Unless otherwise provided, the transfer of ownership takes place as between the parties by the effect of the agreement and against third persons when the possession of the movable is delivered to the transferee.

Patriot Construction claimed in its supplemental and amending petition that it had a contract with IDIM Construction, based on the circumstances surrounding IDIM Construction's actions in taking over where Rage Logistics[6] left off and going to its premises to load and deliver the sand, dirt, and material needed for the project; and by representing to Patriot Construction that it would be fully

---

[6] Accepting the well-pleaded facts in Patriot Construction's pleadings to be true, we must accept that a contract existed between Rage Logistics and Patriot Construction.

compensated. Specifically, Patriot Construction asserted that the actions of IDIM Construction affected the execution of a valid and enforceable contract directly between them, which is not subject to any special rules associated with the public works project. Based on IDIM Construction's actions, Patriot Construction asserts claims of breach of contract, detrimental reliance, quantum meruit, and unjust enrichment.

IDIM Construction, on the other hand, argues that Patriot Construction judicially confessed that no contract existed between them when it stated in its original July 31, 2014 petition that "Patriot had no agreement and/or contract with IDIM."

We do not agree that Patriot Construction's statement constitutes a judicial confession.

Louisiana Civil Code Article 1853 provides:

A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

A finding that Patriot Construction's statement constituted a judicial confession would require us to ignore all of the facts it asserted prior to and subsequent to that statement, and the facts alleged in both the original petition and the supplemental and amending petition are basically identical. The additional fact in the supplemental and amending petition was that IDIM Construction "represented to Patriot that it would fully compensate Patriot for all material supplied." Moreover, to accept IDIM Construction's argument on this point would effectively divide Patriot Construction's admissions against it. As noted by the supreme court in *Leadman v. First National Bank*, 198 La. 466, 3 So.2d 739

(1941), all of the allegations in a party's pleading must be considered in order to find that a judicial confession was made, and the failure to consider all allegations has the effect of dividing a party's allegations against him. Based on the assertions in its July 31, 2014 petition, we find that Patriot Construction simply meant to imply that it did not have a written contract or agreement with IDIM Construction at the time it obtained the dirt, sand, and other materials from Patriot Construction's premises.

The remaining claims against IDIM Construction, detrimental reliance, quantum meruit, and unjust enrichment, are based on equitable principals and are generally considered to be quasi contractual in nature. In that regard, La.Code Civ.P. art. 2055 provides that "[e]quity . . . is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another."

Detrimental reliance "is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations, or silence." *Am. Bank & Trust Co. v. Trinity Universal Ins. Co.*, 251 La. 445, 459, 205 So.2d 35, 40 (1967). As codified in La.Civ.Code art. 1667, detrimental reliance provides that:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promise's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

Thus, in order to successfully assert a claim for detrimental reliance, a plaintiff must establish: "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Luther v.*

10

*IOM Co. LLC*, 13-353, pp. 10-11 (La. 10/15/13), 130 So.3d 817, 825. However, detrimental reliance is not favored in Louisiana, and the failure of the plaintiff to prove each element will bar recovery. *Id.*

The theory of quantum meruit applies in situations where a valid contract exists, but there is no agreement as to price. *Tallulah Const., Inc. v. Ne. La. Delta Cmty. Dev. Corp.*, 07-1029 (La.App. 4 Cir. 4/23/08), 982 So.2d 225. In such instances:

> [T]he court, in the context of contractual interpretation, shall supply the missing price. The technique or measure used to establish the price varies according to the circumstances of each case. The method to determine the recovery typically amounts to the fair market value for the goods or reasonable value for the services that were the object of the contract.

*Id.* at 233-34 (footnote omitted) (citations omitted).

Unjust enrichment requires "[a] person who has been enriched without cause at the expense of another person" to provide compensation to that person. La.Civ.Code art. 2298. Recovery pursuant to unjust enrichment requires a plaintiff to prove: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy at law." *Davis v. Elmer*, 14-1298, p. 7 (La.App. 1 Cir. 3/12/15), 166 So.3d 1082, 1088. Most importantly, this remedy is "subsidiary in nature and 'shall not be available if the law provides another remedy.'" *Walters v. MedSouth Record Mgmt., LLC*, 10-353, p. 2 (La. 6/4/10), 38 So.3d 243, 244 (per curiam) (quoting La.Civ.Code art. 2298). "The mere fact that a plaintiff does not successfully pursue another remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.*

Considering the foregoing, and considering the well-pleaded facts as true,

11

we find that Patriot Construction stated a cause of action for breach of contract, detrimental reliance, quantum meruit, and unjust enrichment against IDIM Construction. Therefore, we find merit in this portion of Patriot Construction's assignment of error.

***Patriot Construction's Claims against the City and Trahan Construction***

As previously stated, Patriot Construction has asserted claims of quantum meruit and unjust enrichment against the City and Trahan Construction. These defendants do not question whether Patriot Construction provided the sand, dirt, and materials it claims to have provided through Rage Logistics and/or IDIM Construction. Instead, they assert that they have no liability to Patriot Construction, because it failed to comply with the notification requirements of Part III of the Louisiana Public Works Act, as found in La.R.S. 38:2241, *et. seq.*

Louisiana Revised Statute 38:2241(A)(1) requires that any contract entered into by a public entity in excess of $5,000.00 "for the construction, alteration, or repair of any public works" must be evidenced by a signed writing. La.R.S. 38:2241(A)(1). If that contract exceeds $25,000.00, the contractor must also provide the public entity with "a bond with good, solvent, and sufficient surety in the sum of not less than fifty percent of the contract price for the payment of the contractor or subcontractor to claimants as defined by La.R.S. 38:2242." La.R.S. 38:3341(A)(2).

Louisiana Revised Statutes 38:2242(A) defines a "claimant" as including "any person to whom money is due pursuant to a contract with the owner or a contractor or subcontractor for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works[.]" Thus, Patriot Construction meets the definition of "claimant" with

regard to the Youngstown Sports Complex project.

As a claimant, Patriot Construction was required to perfect its claim, within forty-five days after recordation of acceptance of the work by the City, by filing a sworn statement of the amount of its claim with the City and the recorder of mortgages for Lafayette Parish. La.R.S. 38:2242(B). The City would then be required to deduct the amount of the outstanding claim from the final payment due to the contractor, and if the City failed to do so, it would become liable for the amount of the claim. La.R.S. 38:2242(D). The failure of Patriot Construction to timely file its sworn statement of the amount of the claim results in the loss of its right to file a privilege or lien on the project. La.R.S. 38:2242(F). Additionally, a subsequent concursus proceeding has as its purpose the payment of all properly recorded claims and that of relieving the City of all personal liability on the claims. La.R.S. 38:2244.

With regard to Patriot Construction's claim against Trahan Construction, La.R.S. 38:2247 provides that it shall have a separate claim against the contractor and surety provided it has complied with the recordation requirements of La.R.S. 38:2242(B), has given timely notice to the contractor pursuant to the statute, and files a suit against the contractor within one year from the registry of the acceptance of the project by the City.

As noted by the supreme court in *State of Louisiana, through the Division of Administration v. McInnis Brothers Construction*, 97-742, p. 9 (La. 10/21/97), 701 So.2d 937, 944 (first two alterations in original):

> It is a long standing principle of statutory interpretation that "[a]s a general rule, lien statutes are *stricti juris* and should thus be strictly construed." *Guichard Drilling Co. v. Alpine Energy Services, Inc.*, 94-1275 p. 7 (La.7/3/95), 657 So.2d 1307, 1313, rehearing denied (La.1995). "[P]ublic contract laws are to be strictly construed such that the privileges granted are not extended beyond the statutes."

13

*Wilkin* [*v. Dev Con Builders, Inc.*], 561 So.2d [66,] 71 [(La.1990)]. See also *American Creosote Works, Inc. v. City of Natchitoches*, 182 La. 641, 162 So. 206 (1935); and *Rester v. Moody & Stewart*, 172 La. 510, 134 So. 690 (1931). "The Public Works Act is *sui generis* and provides exclusive remedies to parties in public construction work." *U.S. Pollution Control, Inc. v. National American Ins. Co.*, 95-153 p. 4 (La.App. 3d Cir. 8/30/95) 663 So.2d 119, 122.

Based on the exclusivity of the remedies provided by the Louisiana Public Works Act, we find that Patriot Construction has failed to state a cause of action against either Trahan Construction or the City. As they were the general contractor and the owner of a public works project, Patriot Construction's only remedy against either was that provided by La.R.S. 38:2242, and it is not entitled to seek recovery under alternate theories of recovery such as quantum meruit and unjust enrichment.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the exception of no cause of action filed by Trahan Construction, LLC and the City of Youngsville and against Patriot Construction & Equipment, LLC, dismissing all claims of Patriot Construction & Equipment, LLC against Trahan Construction, LLC and the City of Youngsville; we reverse the trial court judgment granting the exception of no right of action filed by IDIM Construction, LLC, Trahan Construction, LLC, and the City of Youngsville and against Patriot Construction & Equipment, LLC; we reverse the trial court judgment granting the exception of no cause of action filed by IDIM Construction, LLC and against Patriot Construction & Equipment, LLC, dismissing all the claims of Patriot Construction & Equipment, LLC for breach of contract, detrimental reliance, quantum meruit, and unjust enrichment against IDIM Construction, LLC; and we remand the matter to the trial court for further proceedings. We assess one half of the costs of appeal to

14

Patriot Construction & Equipment, LLC and one half to IDIM Construction, LLC.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**