HIGGINS, Justice.
 

 Plaintiff brought this action ex delicto under the provisions of article 2315 of the Revised Civil Code to recover damages said to have been sustained by his property, as a result of the collapse of a reservoir alleged to have been negligently constructed by the defendant. The defendant pleaded prescription of one year, based upon articles 3536 and 3537 of the Revised Civil Code. The trial judge sustained the exceptions and dismissed the suit, and the plaintiff appealed.
 

 The Court of Appeal affirmed the judgment of the lower court on the ground that, as the previous suit, based upon the same claim, did not state a cause of action and was dismissed by the trial judge, prescription had not been interrupted, and that the present suit was filed too late, or more than one year after the alleged damage occurred. A rehearing was refused, and, upon the plaintiff’s application, we granted a writ of certiorari, for the purpose of considering the case.
 

 The Court of Appeal, in its opinion, stated the case as follows:
 

 “This suit involves the demand for damages which was excluded in the companion case, bearing the same title, this day decided by us. 166 So. 891. The petition in that suit lacked sufficient allegations of fact to show negligence and fault on the part of defendant in the construction of the proposed reservoir, and, by reason of that, an exception of no cause of action was sustained resulting in the rejection of the demand for damages.
 

 “The petition herein, which was filed October 11, 1933, contains-allegations, regarding the nature, kind, and amount of damages claimed, -identical with those in
 
 *951
 
 the other case. It differs only to the extent that here allegations respecting defendant’s fault and negligence are made and those relating to the cancellation of the lien are omitted.
 

 . “Before answering, defendant filed pleas of prescription of one year and of res judicata and an exception of no cause or right of action, all óf which were overruled after respective hearings.
 

 “Answer was filed, and, by .agreement of counsel, this and the other case were consolidated for the purpose of trial.
 

 “After trial, judgment was rendered in this cause in plaintiff’s favor for $1,200.
 

 “Defendant then filed a motion for a rehearing, which was granted. The case was again submitted, and the trial court rendered and signed a judgment sustaining defendant's plea of prescription of one year and dismissing plaintiff’s suit at his cost. From this judgment plaintiff has appealed.”
 

 Counsel for appellee, in their brief, make the following statement:
 

 “The point at issue herein is whether or not the timely filing by plaintiff of his first suit, wherein he claimed damages of the defendant in the identical amount that he later claimed in the second suit, interrupted the running of prescription. If it did, then plaintiff’s second suit was timely filed and defendant’s plea of prescription of one year should not have been sustained. If it did not, then plaintiff’s second suit was filed too late and defendant’s plea of prescription of one year was properly sustained and plaintiff’s suit was properly dismissed.”
 

 The law is clear that where a petition states a cause of action and is filed within the prescriptive period, prescription’ is interrupted by the filing or instituting of the suit. Rev.Civ.Code, arts. 3516, 3518, and Act No, 39 of 1932.
 

 The jurisprudence is well established that where a petition imperfectly states a cause of action due to insufficiency of allegations, but informs the defendant of the nature of the claim or demand, an amended petition supplying the deficiency may be filed even after an exception of vagueness or an exception of no right or cause of action has been sustained, and after the prescriptive period has elapsed, because the amendment does not set up a new, different, or separate cause of action, but merely clarifies and amplifies the allegations of the original petition or demand which interrupted prescription. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488; McCoy v. Arkansas Natural Gas Co. et al., 184 La. 101, 165 So. 632; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234-240; James v. City of New Orleans, 151 La. 480, 91 So. 846-848; Missouri, etc., R. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas. 1914B, 134.
 

 Where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing thereof, and the amended petition, or the subsequent suit, which does set forth a cause of action
 
 *953
 
 or another demand based on different grounds than those contained in the original petition, does not date back to,' the filing of the original petition, and, if filed after the prescriptive period has elapsed, will be dismissed upon a plea of prescription. National Park Bank v. Concordia Land & Timber Co., supra; De Bouchel v. Koss Const. Co., Inc., et al., 177 La. 841, 149 So. 496; Union Pacific R. Co. v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983; Sicard v. Davis, 31 U.S. (6 Pet.) 124, 8 L.Ed. 342.
 

 In the instant case, as shown by the finding of the Court of Appeal and by the record, the exception of no right or cause of action filed in the original suit was sustained, because of insufficient allegations of fact in the petition. The plaintiff, therefore, filed a petition or demand which imperfectly stated his cause of action and was entitled to amend or file another suit, because the dismissing of the petition on the exception of no right or cause of action was equivalent to a non-suit. McCoy v. Arkansas Natural Gas Co. et al., supra.
 

 The fact that the plaintiff’s petition in the original suit was defective only because he failed to allege sufficient facts, which he could have alleged, is shown by the petition in the second suit and the overruling of the exception of no cause of action filed thereto by the defendant and the judgment in his favor on the merits. Plaintiff in the second suit did not assert a new, different, or separate cause of action. The cause of action attempted to be stated, or the demand made in the original, as well as a second petition, is one and the same. It is identical. Defendant was fully apprised of the nature of the claim of the plaintiff and what was being demanded of him. There.fore, it is our opinion that prescription was interrupted.
 

 The above line of reasoning and jurisprudence is in accord with thé cases which hold that a citation, though insufficient to support a judgment, will interrupt prescription if it notifies the defendant of the grounds of the plaintiff’s claim and that he is asserting that claim. Vernon v. Illinois C. R. Co., 154 La. 370, 97 So. 493; Succession of Saunders, 37 La.Ann. 769-772.
 

 Counsel for the defendant has referred us to the case of Chennault v. Stovall et al., 160 So. 146, decided by the Court of Appeal, Second Circuit. It is sufficient to say that, if the opinion of the Court of Appeal in that case can be interpreted and construed contrary to the holding of the above authorities and conclusions, it cannot stand.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal is annulled, avoided, and set aside, the plea of prescription is overruled, and the case is remanded to the Court of Appeal for further proceedings consistent with the views herein expressed; defendant to pay all costs.
 

 BRUNOT, J., dissents.