McCALEB, Justice
(dissenting).
I am in accord with the views expressed by the Court of Appeal in ruling that the plea of one-year liberative prescription was well-founded. See La.App., 111 So.2d 375. In reversing this ruling, the majority opinion holds that the running of prescription was interrupted against Houston Fire & Casualty Insurance Company, the public liability insurance carrier of Mud Supply Company, because it, through its attorneys, “ * * * initially took part in the defense of the action, it then contending that there was no liability on the part of the insured * * * ” and that “ * * * Having been aware of the suit’s filing, and in view of the allegations of the original petition and the contents of the attached interrogatories * * * ” the insurance company initially had full knowledge that recovery was not only being sought under the respondeat superior theory but also that plaintiff was demanding damages pursuant to the omnibus clause of the issued policy.[1]
This holding constitutes an unwarranted extension of the liberal rule pertaining to the interruption of prescription in tort cases involving liability insurers — for, here, the *627 Court is saying that the current of prescription is interrupted against an insurer, not a party to the suit, because the insurer’s attorneys and agents who have never been cited are defending the suit in compliance with its contractual obligation, the theory being that the attorneys’ knowledge that plaintiff desires to join the insurer as a defendant is equivalent to legal notice. That this ruling is directly contrary to our Civil Code and other statutory law which should govern our decision, can be readily gleaned from provisions applicable here.
The liberative prescription is essentially a rule of law by which debts are discharged by the effect of the lapse of time. Being substantive in its nature, it operates as a perpetual bar to every species of action “when the creditor has been silent for a certain time without urging his claim”. Civil Code, Article 3459 and see also Articles 3528 and 3530.
Article 3550 declares:
“Good faith not being required on the part of the person pleading this prescription, the creditor can not compel him or his heirs to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law, and it may be that the debtor may not be able to take any positive oath on the subject.” (Italics mine.)
Thus, it is seen that knowledge on the part of a debtor that a third party is desirous of entering suit against him by reason of the fact that suit is brought against the person he has contracted to defend, affords no ground for concluding that the filing of the suit interrupts prescription as to the indemnitor unless it is determined that the parties are debtors in solido, a conclusion which the majority admit is not justified in this case.
Since the rationale of the majority view is that the filing of the suit against Houston’s insured, coupled with the knowledge of its attorneys of the claim and of plaintiff’s intention to join Houston, constituted a legal interruption of prescription against Houston, it is pertinent to examine the law upon which this result is reached. R..S. 9 :5801 provides that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action sued on against all defendants. Inasmuch as Houston was not made a party defendant to the suit originally filed against Mud Supply Company, it is manifest that prescription under the foregoing statute was not interrupted by the filing of suit.
And Article 3518 of the Civil Code declares that a legal interruption takes place when the possessor (the named defendant) has been cited to appear whether the suit has been brought before a court of competent jurisdiction or not. Obviously, this *629 means legal citation; knowledge on the part of the party pleading prescription that the plaintiff intends to make demand against it is not enough.
The majority rely on three cases, viz., Jackson v. American Employers’ Insurance Co., 202 La. 23, 11 So.2d 225; Lunkin v. Triangle Farms, 208 La. 538, 23 So.2d 209 and Davis v. Lewis & Lewis, 225 La. 1059, 78 So.2d 173, which are asserted to support its conclusion that prescription has been interrupted under the circumstances presented here as to one not impleaded when it is closely associated with the named defendant.
These authorities are clearly distinguishable and stand for the proposition, as stated hy the Court of Appeal in Andrepont v. Ochsner, La.App., 84 So.2d 63 (approved in the majority opinion) that “ * * * knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted”. (Italics mine.)
In this case, no suit has been brought against the wrong insurer; suit was not filed against anyone, other than the assured, within a year after the accident. Mere knowledge of the insurer that plaintiff would have joined it had she or her attorneys known its identity cannot, without doing violence to the plain provisions of law, suffice as a substitute for legal notice, in the absence of a showing that the insurer’s agents or attorneys misled or obstructed plaintiff in obtaining the true facts.
In the latter instance, i. e., obstruction or deceit on the part of the insurer or its agents (of which there is no suggestion in the main opinion), the Court would be justified in applying the doctrine “contra non valentem agere nulla currit praescriptio” (prescription does not run against one unable to act) which has a limited application in the law of Louisiana. See Ayres v. New York Life Ins. Co., 219 La. 945, 54 So. 2d 409 and authorities there cited. Indeed, the decision in Jackson v. American Employers’ Insurance Co., relied on heavily by the majority, was founded on the doctrine of contra non valentem. There, the suit was filed against the wrong company of the Employers’ Group because the Manager of the Claim Department of the three companies operating out of the same office led plaintiff’s attorneys to believe that the company sued was the one that issued the policy. Since the failure to sue the proper party was solely attributable to defendant, the Court concluded that defendant could *631 not be heard to contend that the filing of the suit did not interrupt prescription.[2]
Lunkin v. Triangle Farms and Davis v. Lewis & Lewis, supra, are also different from this one because, in those matters, legal notice was given to, and service was made upon, the agents of the defendants. In the Lunkin case, suit was filed against Evan-Hall Sugar Cooperative, Inc. under the compensation law for a fatal accident and was later dismissed on a showing that the. defendant was not the employer of the decedent. Thereafter, suit was instituted against Triangle Farms, the employer of the decedent, and the question arose as to whether the first suit against the wrong corporation had the effect of interrupting prescription against Triangle. It was correctly held that it did under the facts of that case, it appearing that, whereas the two corporations were distinct legal entities, both were operated from the same office, under the same management and, in some instances, had the same employees, particularly one Churchill, who was the general manager of both corporations on whom service of citation of plaintiff’s claim was made. The Court concluded that “judicial knowledge” received by Churchill effected an interruption of prescription, the legal notice to him being chargeable not only to Evan-Hall but to Triangle Farms, as well.
So, too, in Davis v. Lewis & Lewis, supra, where plaintiff, unable to ascertain the name of the insurer of the tortfeasor, cited its agent and adjuster, one Durrett, as party defendant and served him with a copy of the petition. The Court properly deduced that the timely citation of and service on the company’s agent and representative operated to interrupt the running of prescription.
The basic difference between the Lunkin and Davis cases and this one, however, is apparent; in those matters there was legal notification by citation of the agents of the insurer prior to tire running of prescription; here, no such notice has been given. Mere knowledge of the insurer and the active defense of the suit against its insured *633 conformably with its contractual obligation cannot and does not, in my opinion, relieve plaintiff of making either a direct legal demand under R.S. 22:655 prior to the accrual of prescription or of notifying it through its agents by legal process in like manner.
I respectfully dissent.

. The latter part of this statement that the insurance company knew that plaintiff was demanding damages under the omnibus clause of its policy is not accurate in my opinion as the liability of Mud Supply Company, as alleged in plaintiff’s original petition, which was filed one day before the running of prescription against that defendant, was predicated entirely on the theory that its alleged employee was acting within the scope of his employment at the time of the accident.
It was not until October 8, 1951, more than three years after the .accident and two years and five months after the institution of suit, when plaintiff impleaded the defendant insurance company for the first time, that demand was made against it under the omnibus clause of the policy. Thus, even if it be generously conceded for purposes of discussion, that the filing of suit against Mud Supply Company interrupted the running of prescription as to a defendant who was not impleaded, because of the knowledge of its agents and attorneys that plaintiff was anxious to join the insurer as party defendant, the best that can be said is that, under R.S. 9:5801, prescription was interrupted as to the cause of action stated in plaintiff’s petition. See Callender v. Marks, 185 La. 948, 171 So. 86. Under no circumstances could the running of prescription be interrupted as to a cause of action not pleaded, that is, the demand subsequently asserted against the defendant insurance company under the omnibus clause of its policy.

. The majority opinion derives comfort in its ruling in this case from the observation contained in the Jaekson case that “ * * * in the circumstances of this case, it would be unjust to hold that the filing of the original suit did not interrupt prescription.” [202 La. 23, 11 So.2d 226.] While the quoted observation was relevant to the facts appearing in the Jackson case, I fail to see that it fits “the circumstances of this ease” where there is apparently no suggestion that the agents or attorneys for the insurance company misled or otherwise deceived counsel for plaintiff. More appropriate,, under the circumstances presented here, is Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53, where it was held that the filing of suit against the named defendant did not interrupt the running of prescription against the insurer, “Pacific Employers Insurance Company”, which had not been cited or served with notice prior to the accrual of prescription.