228 So.2d 211 (1969)
Lester Paul FONTENOT et al., Plaintiffs-Appellees,
v.
Calvin LUCAS et al., Defendants-Appellants.
No. 2821.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1969.
Rehearing Denied December 4, 1969.
Writ Refused February 6, 1970.
*212 Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendants-appellants.
Gravel, Roy & Burnes, Alexandria, by Chris J. Roy, Marksville, for plaintiffs-appellees.
Mouton, Roy, Carmouche & Hailey, by John A. Bivins, Lafayette, for defendants-appellees.
Before TATE, SAVOY and MILLER, JJ.
SAVOY, Judge.
This is a suit for personal injuries and damages arising out of an accident which occurred on February 4, 1966, at the intersection of Ash and East Church Streets, in Bunkie, Louisiana. Plaintiffs, Lester Paul Fontenot and Michael Carmouche, were passengers in a 1963 Volkswagen panel truck owned by Advanced Seamless Koating, Inc., and being driven by Phallus Forbish in an easterly direction along East Church Street. Defendant, Calvin Lucas, was driving a 1964 Chevrolet automobile northerly on Ash Street. Ash Street was the favored street.
All of the occupants of the Volkswagen were employees of Advanced Seamless Koating, Inc., of Lafayette, and they were proceeding from their employment in Lafayette to their homes in Avoyelles Parish after having made a diversion from their usual route to go to a record shop in Bunkie.
Plaintiffs initially sued Calvin Lucas and his insurer, Employers Liability Assurance Corp., Ltd. The defendants filed responsive pleadings, and alternatively, a third-party demand for contribution against Forbish, his employer, Advanced Seamless Koating, Inc., and also American Mutual Liability Insurance Company. American Mutual was the workmen's compensation carrier of Advanced Seamless Koating, Inc., and was also the insurer of the Volkswagen. American Mutual intervened in the principal demand to recover the amounts it had paid plaintiffs under the workmen's compensation policy. Just prior to the trial, plaintiffs filed a supplemental and amending petition adding American Mutual as a party defendant.
After trial on the merits, the district court found both drivers were guilty of negligence contributing to the accident, finding that Forbish disregarded a stop sign, and that Lucas was exceeding the speed limit and failed to see what he could have seen. The court found that although plaintiffs and Forbish were authorized to use their employer's truck to and from their homes in Avoyelles Parish and their employment in Lafayette, they had digressed from their usual route home to proceed on a personal mission, and that the accident occurred during this side mission. Accordingly, the court found plaintiffs and Forbish were not in the course and scope of their employment at the time of the accident; and, therefore, Forbish's employer was not responsible under the doctrine of respondeat superior for any negligence of Forbish. The court further held that since plaintiffs elected to obtain workmen's compensation benefits from their employer and/or American Mutual, they were barred from claiming damages in tort against American Mutual under the liability policy covering the Volkswagen.
Judgment was entered awarding Fontenot $5,000.00 against Lucas and Employers, in solido; and in the further amount of $615.00 against Lucas. Carmouche was awarded $1,110.80 against Lucas and Employers, in solido. The court granted judgment in favor of Lucas and Employers against Forbish for one-half of the judgment; *213 and in favor of American Mutual, as intervenor, for the amounts it had paid plaintiffs in workmen's compensation. All claims against American Mutual and Advanced Seamless were denied. From this judgment, appeals were taken by plaintiffs, Carmouche and Fontenot; the defendants, Lucas and Employers; and the third-party defendant, Forbish, filed an answer to the appeals.
The main issues on this appeal are:
(1) Was Calvin Lucas guilty of negligence which was a legal cause or a cause-in-fact of the accident?
(2) If Lucas was not a joint tortfeasor, has prescription tolled as to any claims by plaintiffs against American Mutual?
(3) Did plaintiffs' injuries arise out of and in the scope of their employment with Advanced Seamless so as to preclude any recovery under the automobile liability policy issued by American Mutual?
(4) Were the awards for damages so inadequate or excessive as to constitute an abuse of the trial court's discretion?
The record shows the accident occurred about 5:30 P.M. on February 4, 1966, at the intersection of East Church and Ash Streets in Bunkie, Louisiana. These streets are paved with blacktop about 20 feet wide, and they form a normal intersection. Ash Street is a favored street, and stop signs are posted on East Church Street at the intersection. At the time of the accident it was still daylight; the weather was clear and dry; and the speed limit in the area was 25 miles per hour.
The Volkswagen in which plaintiffs were riding proceeded in violation of the stop sign into the intersection without stopping, and was struck at and just to the rear of its right front tire by the front of the automobile being driven by Lucas. The Volkswagen proceeded off the northeast corner of the intersection across a ditch where it knocked over a small tree. Forbish testified he geared down to about 15 to 20 miles per hour and shifted into second to cross the intersection without stopping. He stated he was not familiar with the area, and he did not see the stop sign or the other automobile.
Lucas estimated the speed of his car at 30 to 35 miles per hour. He testified he saw the Volkswagen when it was about 30 feet from the intersection; then realized it was not stopping for the stop sign, and attempted to stop. He was just able to fully apply his brakes to slide a short distance before the vehicles collided. Lucas knew Ash Street had the right-of-way, having traveled it many times.
Plaintiff, Lester P. Fontenot, was reading a label on one of the records he had purchased and did not remember any facts of the accident. Michael Carmouche testified that Lucas' car was going about 45 miles per hour. He noticed the car when both vehicles were about 50 feet from the intersection, and then, shortly after, said "Watch out!" as they approached the intersection.
Lula Mae Isles was walking easterly along East Church Street about one-half block away. She testified the Volkswagen passed her at between 25 and 35 miles per hour, and that it continued into the intersection without slowing down. She heard the sound of tires sliding on the street or brakes squealing a short time before the collision of the vehicles.
Relative to the first issue, it is a well-established rule of law that a motorist on a favored street can assume that the driver on an intersecting street will observe the law and stop; and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. Koob v. Cooperative Cab Company, 213 La. 903, 35 So.2d 849 (1948).
This Court accepts the trial court's finding that defendant, Lucas, was driving at approximately 30 or 35 miles per hour; and was exceeding the speed limit of 25 miles per hour. The issue, then, is whether *214 or not this action was a legal cause or a cause-in-fact of the accident. Specifically, at the time Lucas could or should have realized that the Volkswagen was not going to stop at the intersection, would he have been able to avoid the collision had he been driving at the speed of 25 miles per hour.
The record shows that Lucas applied his brakes a short distance before the moment of impact. In other words he noticed the Volkswagen was not stopping at the intersection in time to react and to apply his brakes fully and skid a short distance. Since reaction time is no less than three-quarters of a second after a danger is realized, and the brakes were applied for a fraction of a second, Lucas must have become aware of the danger at least a full second prior to the moment of impact. During this one second of time prior to the moment of impact, the Volkswagen was proceeding ahead, with the driver oblivious to danger, at a speed of no less than 20 miles per hour, or 29 or more feet per second. This means that Lucas had realized the danger, and that the Volkswagen was not going to stop when it was more than ten feet from the intersection and before it reached the point where it was required to stop.
Under the facts of this case, this Court does not find it unreasonable for Lucas to have noted the Volkswagen and to have not become aware of any danger until it neared the intersection without slowing. Considering that we are looking backward in time to an event which was then unexpected, we believe Lucas made such observation of the approaching vehicle as is required; and that he realized the danger as soon as he could be required reasonably to do so, but at a time when he was so close to the intersection that he had no opportunity to avoid the accident, even had he been driving at the legal rate of 25 miles per hour.
Although we agree basically with the trial court in its factual findings, we think it erred as a matter of law in concluding that Lucas' negligence in exceeding the speed limit was a legal cause or cause-in-fact of the accident. This Court finds that the only actionable negligence in this case was that of the driver of the Volkswagen.
The record shows that defendant, American Mutual, was not joined as a party defendant until long after one year from the date of the accident. American Mutual filed an exception of prescription of one year as part of its answer to plaintiffs' petition, and we find this exception should be upheld. Although suit was filed against Calvin Lucas, this did not interrupt prescription as to Phallus Forbish, or any insurer of Phallus Forbish, as Calvin Lucas is not liable in tort and is not a solidary obligor. Suit filed timely against one defendant does not interrupt prescription against another defendant unless the two are bound solidarily for the damages incurred by plaintiff. Martin v. Mud Supply Co., 239 La., 616, 119 So.2d 484 (1959); Cartwright v. Chrysler Corporation, 219 So.2d 561 (La. App. 3 Cir. 1969).
In view of our findings above, there is no need for us to consider the other issues raised in this case.
For the reasons assigned the judgment of the district court is reversed insofar as it awarded to Lester Paul Fontenot judgment against Calvin Lucas and his insurer, Employers Liability Assurance Corporation, Ltd.; and judgment is hereby rendered in favor of Calvin Lucas and Employers Liability Assurance Corporation, Ltd. and against Lester Paul Fontenot, rejecting his demands and dismissing his suit as to these defendants.
The judgment of the district court is likewise reversed insofar as it awarded *215 Michael Carmouche judgment against Calvin Lucas and his insurer, Employers Liability Assurance Corporation, Ltd.; and judgment is hereby rendered in favor of Calvin Lucas and Employers Liability Assurance Corporation, Ltd. and against Lester Paul Fontenot, rejecting his demands and dismissing his suit.
The judgment of the district court is likewise reversed insofar as it granted judgment in favor of the third-parties plaintiffs, Calvin Lucas and Employers Liability Assurance Corporation, Ltd. and against Phallus Forbish; and judgment is hereby rendered in favor of third-party defendant, Phallus Forbish, and against third-parties plaintiffs, Calvin Lucas and Employers Liability Assurance Corporation, Ltd., rejecting their demands and dismissing their suit.
The judgment of the trial court is also reversed insofar as it granted judgment in favor of American Mutual Liability Insurance Company against Lester Paul Fontenot and Michael Carmouche; and judgment is hereby rendered in favor of Lester Paul Fontenot and Michael Carmouche and against American Mutual Liability Insurance Company, rejecting its demands and dismissing its suit.
In all other respects the judgment of the district court is affirmed.
Costs incurred in the district court and on appeal are assessed one-half each against Lester Paul Fontenot and Michael Carmouche.
Reversed in part and affirmed in part.
On Application for Rehearing.
En Banc. Rehearing denied.
CULPEPPER and TATE, JJ., are of the opinion a rehearing should be granted.