303 So.2d 606 (1974)
Jeanette Jean TRAHAN et al., Plaintiffs-Appellants,
v.
LIBERTY MUTUAL INSURANCE CO. and Insurance Co. of North America, Defendants-Appellees.
No. 4715.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
Writ Granted January 10, 1975.
*607 Broussard, Broussard & Moresi by Paul G. Moresi, Jr., Abbeville, for plaintiffs-appellants.
Davidson, Meaux, Onebane & Donohoe by John G. Torian, II, Lafayette, for defendants-appellees.
Scofield, Bergstedt & Gerard by Richard E. Gerard, Jr., Lake Charles, for defendant-appellee.
Before FRUGE, MILLER and WATSON, JJ.
WATSON, Judge.
The captioned case is consolidated in this court with docket no. 4783, entitled Olivia Nunez, Individually, and as Tutrix of the Minors, Richard John Suire and Bryan Keith Suire v. Liberty Mutual Insurance Co. et al., La.App., 303 So.2d 616, both cases arising from the same accident and involving the same defendants.
Jeanette Jean Trahan sues on behalf of herself and her minor children for damages resulting from the death of their husband and father, John Olson Hollier. She alleges that Liberty Mutual Insurance Company ("Liberty Mutual") and Insurance Company of North America ("INA") are liable, jointly and in solido, as liability insurers for the death of Hollier, resulting from the negligence of Jozef Chrzanowski.
In the consolidated case, Olivia Nunez sues on behalf of herself and her minor children for damages resulting from the death of their husband and father, Obra J. Suire. She alleges that Liberty Mutual and INA are liable, jointly and in solido, as liability insurers for the death of Suire, resulting from the negligence of Jozef Chrzanowski and John O. Hollier.
Hollier and Suire died in an accident on February 19, 1970, in a salt mine at Jefferson Island, Louisiana, owned and operated by Diamond Crystal Salt Company. Also killed were Chrzanowski, who was general mine foreman, and one Lennis Landry.
Timely suits were filed in connection with the deaths of which six executive officers of Diamond Crystal Salt Company were made defendants along with their liability insurers, Liberty Mutual and INA. The original suits attributed the death of Hollier, Suire, Chrzanowski and Landry solely to the negligence of the six executive officers; no allegation was made as to negligence by Hollier or Chrzanowski. However, the defendants alleged contributory negligence on the part of Chrzanowski and Hollier. The original suits were consolidated and tried to a jury which rendered verdicts in favor of all defendants against all plaintiffs. The jury verdicts *608 were affirmed by this court in Trahan v. Liberty Mutual Insurance Company, 273 So.2d 331 (La.App. 3 Cir. 1973); writ denied, 275 So.2d 791. The applications for writs were denied by the Louisiana Supreme Court April 12, 1973.
Suit was then filed in the instant case on March 1, 1974, in connection with the death of John Olson Hollier, asserting a claim against Liberty Mutual and INA on the basis of the negligence of Chrzanowski. Suit was filed in docket no. 4783, in connection with the death of Obra J. Suire, on December 6, 1973, asserting a claim against Liberty Mutual and INA on the basis of the negligence of Chrzanowski and Hollier. Defendants filed exceptions, urging the prescription of one year. LSA-C.C. art. 3536.
On these pleadings, the trial court rendered judgment in both cases sustaining defendants' peremptory exceptions of prescription.
Plaintiffs have appealed, contending that the first suits interrupted prescription as to defendants and that the trial court erred in sustaining defendants' peremptory exceptions. Defendants also filed exceptions of res judicata in the trial court, which were not considered due to the sustaining of the exceptions of prescription. Peremptory exceptions of res judicata on behalf of both defendants have also been filed in this court. Plaintiffs contend that the first suits are not res judicata because defendants are being sued in the instant suits in a different capacity: on the death of Hollier, as the insurers of Jozef Chrzanowski; and on the death of Suire as the insurers of Jozef Chrzanowski and John Hollier. Jozef Chrzanowski was general mine foreman and John Hollier was shift foreman at the time of the accident.
ISSUES
The issues to be considered are: (1) whether the suits timely filed against the two insurance companies as liability insurers of the six executive officers interrupted prescription entitling plaintiffs to now sue the same insurance companies as liability insurers of Chrzanowski and Hollier; and (2) whether the adverse decisions in the original suits are res judicata to plaintiffs' present claims.
PRESCRIPTION
The statute which is applicable to the prescription issue is LSA-R.S. 9:5801 which provides:
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1.
Also to be considered is LSA-Civil Code Article 2097, which reads as follows:
Art. 2097. A suit brought against one of the debtors in solido interrupts prescription with regard to all.
For interpretation and application of these statutory provisions, plaintiffs rely principally on the cases of Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1 Cir. 1960); Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La., 1973), and Simmons v. Travelers Insurance Company, 295 So.2d 550 (La.App. 3 Cir. 1974); writ refused September 13, 1974, contending that these cases represent authority for overruling the plea of prescription.
Defendants attempt to distinguish these cases on the ground that all involve only a situation where a specific insured was sued timely and his insurer subsequently brought in or the reverse situation where an insurer was cited as the insurer of a specific *609 named individual and subsequently that individual was brought in. We will consider these cases in more detail below.
Hidalgo dealt with a situation where filing of suit in federal court interrupted prescription to make a second suit in state court timely. Counsel for defendants attempts to distinguish Hidalgo on the basis that the first suit in Hidalgo was dismissed on the ground that the action could not be maintained in the federal court and the first suit in the instant case was dismissed after full trial on the merits. However, it was the filing of the first suit in Hidalgo that interrupted prescription.
Hidalgo stands for the proposition that filing suit against a liability insurer in a court of competent jurisdiction interrupts prescription against the insured. The plaintiff, Hidalgo had sued the automobile liability insurer in federal court but his suit was dismissed for reasons not relevant here. His suit in state court against the insured, Dupuy, was filed over three years after the accident but within one year following dismissal in federal court. The Court of Appeal, through (then) Judge Tate, held that prescription had been interrupted.
The rule of Hidalgo is very persuasive when applied to the instant appeal, where the first suits were filed against the insurers claiming damages resulting from the same accident involved in the subsequent suits against the same insurers. If suit against the insurer interrupts prescription as to the insured, then it follows that suit against the insurer interrupts prescription against the insurer itself, unless there is some other valid distinction.
However, defendants contend that although the instant appeal is based on the same accident, it involves claims based on the negligence of employees not alleged to be negligent in the original suits, and therefore, prescription runs. This contention is counter to the decision in Simmons, where this court approved the addition of an additional executive officer as a party defendant on a negligence theory after the prescriptive period.
Defendants' contention is that Liberty Mutual and INA, as insurers of Chrzanowski and Hollier, are being sued in the second suits in a different capacity or as a different legal entity from Liberty Mutual and INA, as insurers of the six executives in the first series of suits. This distinction has been rejected in Andrepont v. Ochsner, 84 So.2d 63 (La.App.Orl.1955), where the court cited prior jurisprudence, saying:
"Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted." 84 So.2d 68.
The view expressed in Andrepont was applied to a situation, closely parallel to the instant appeal, where a petition was amended after the prescriptive period had run to allege that an insurer, Travelers Insurance Company, was responsible for the negligence of "Ethyl employees" in addition to the original allegation that the insurer was responsible for the negligence of "Ethyl Corporation." Travelers Insurance Company v. Brown, 338 F.2d 229 (5 Cir. 1964). Ethyl Corporation and Travelers, as its insurer, were dismissed from the suit on a summary judgment, but Travelers was held in as insurer of the employees. Travelers' plea of prescription as to the claims against it in the capacity of the employees' insurer was rejected, with the observation that:
"There is no basis for treating Travelers as the insurer of one party as a different legal entity from Travelers as the insurer of that party's employees." 338 F.2d 235.
*610 A case decided by this court presenting issues very similar to the instant appeal is Hayes v. Muller, 243 So.2d 830 (La.App. 3 Cir. 1971) writ refused. The holding was that a suit for specific performance of a contract and for a share of profits sustained from purchase and sale of oil leases, decided adversely to plaintiffs, had the effect of interrupting prescription on a claim asserted in a second suit for a money judgment on a quasi-contract, unjust enrichment, quantum meruit claim based on the same transactions involved in the first suit. Hayes involved, as in the present appeals, parties who were plaintiff and defendant in both the original and the second suit.
We find the Hayes, Hidalgo, Simmons, Pearson and Andrepont line of jurisprudence to be applicable to the instant appeal. We are also impressed with the cogent reasoning of the U. S. Fifth Circuit in Travelers Insurance Company v. Brown, supra.
Under the principles established by these cases, we believe the exception of prescription should have been overruled. However, there is an even more persuasive reason for rejecting the plea of prescription; it is found in the application of C.C. art. 2097 to the parties sued in the original suits and in the present suits.
As to Article 2097, a much simpler analysis indicates interruption of prescription. Although this article has been cited, counsel may have overlooked the fact that both Liberty Mutual and INA were sued in the first suits, and that they are now sued as solidary obligors. Thus the first suits against Liberty Mutual interrupted prescription as to the instant suits against INA and, likewise, the first suits against INA interrupted prescription in the present suits against Liberty Mutual, the interruption taking place because they are alleged "debtors in solido," as the article provides.
The questions of whose negligence is alleged or whether the cause of action in the present suits on appeal differs from the cause of action in the first suits is of no moment because parties are considered solidary obligors even if they are obligated differently or in different capacities. LSA-C.C. art. 2092; Hidalgo v. Dupuy, supra.
The cases in which Hidalgo has not been followed are those such as Labruzza v. Boston Insurance Company, 198 So.2d 436 (La.App. 4 Cir. 1967), where the insurance policy did not provide coverage and there was thus no in solido liability. Coverage under defendants' policies is not questioned in the instant case.
We conclude that the trial court erred in sustaining defendants' exceptions of prescription.
RES JUDICATA
As to defendants' exceptions of res judicata, LSA-C.C. art. 2286 states:
Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
One problem with these exceptions is the fact that
".... if there is any topic of law emanating from Louisiana jurisprudence which is not res judicata, it is the subject of res judicata itself." Buhler v. Villec, 117 So.2d 286 at 289 (La.App.Orl. 1960), certiorari den.
There, as here, a second lawsuit concerned the same accident as the first, but it was held that the first was not res judicata because the matters at issue in the second were different from those in the first. At issue in the instant case is the negligence of Chrzanowski and Hollier, and this question has not been decided. Johnson v. Sweat, 265 So.2d 801 (La.App. 3 Cir. *611 1972); writ refused 263 La. 105, 267 So. 2d 211.
".... res adjudicata cannot apply when the demand is not the same as that previously made, even though it might have been asserted in the original action." Quarles v. Lewis, 226 La. 76, 75 So.2d 14 at 16, 17 (1954).
As to identity of the parties,
"The requirement of identity of the parties is not one of physical identity but rather one of identity of capacity or quality." 34 La.L.R. 767.
Here, the two defendant insurance companies are being sued in a different capacity than they were in the first suits, as insurers of different parties. Therefore, there is no identity of the parties in these suits and the previous ones.
We believe that under these particular circumstances the exceptions of res judicata are not valid.
Therefore, for the reasons assigned the exceptions of prescription and the exceptions of res judicata filed in both consolidated cases by Liberty Mutual Insurance Company and Insurance Company of North America are overruled; the judgment of the trial court is reversed and these matters are remanded for trial.
Reversed and remanded.
MILLER, Judge (dissenting).
I respectfully submit that the trial court decision sustaining defendants' peremptory exception of prescription is correct and should be affirmed.
This case presents an issue never before presented to Louisiana courts, i. e.:
Does filing of suit against insurance companies in their capacity as "insurer" of named individuals interrupt prescription so as to permit a direct action against the same insurance companies in their capacity as "insurer" of individuals other than those named as "insureds" in the first suit, when the first suit has gone to final judgment which absolved all defendants?
The widows of the two named insureds whose negligence was the basis for the second actions were party plaintiffs in the first suits.
It is submitted that the majority decision is not in conformity with the jurisprudence. LSA-R.S. 9:5801, on which the decision is bottomed, requires the second suit to "affect the cause of action" originally sued upon in order to interrupt prescription. The statute does not apply because the original suits and the second suits were based on different grounds and causes of action. The majority's "more persuasive reason for rejecting the plea of prescription" (that suit against a solidary debtor interrupts prescription against the other) was not argued to us because it does not apply. One cannot be a solidary obligor after he has been held free from liability.
LSA-R.S. 9:5801 limits its application to "All prescriptions affecting the cause of action therein sued upon ... as to all defendants. ..."
A "cause of action" is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; "the existence of those facts which give a party a right to judicial interference in his behalf"; "the situation or state of facts which entitles a party to sustain an action". "When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong." Hope v. Madison, 192 La. 593, 188 So. 711, 715 (1939).
Prescription has been interrupted where a petition imperfectly states a cause of action due to insufficiency of allegations, but informs the defendant of the nature of the claim or demand. "An amended petition *612 supplying the deficiency may be filed even after an exception of vagueness or an exception of no right or cause of action has been sustained, and after the prescriptive period has elapsed, because the amendment does not set up a new, different, or separate cause of action." It merely clarifies and amplifies the allegations of the original petition or demand which interrupted prescription. But where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, "prescription is not interrupted by the filing thereof, and the amended petition, or the subsequent suit, which does set forth a cause of action or another demand based on different grounds than those contained in the original petition, does not date back to the filing of the original petition, and if filed after the prescriptive period has elapsed, will be dismissed upon a plea of prescription." (Emphasis added.) Callender v. Marks, 185 La. 948, 171 So. 86 at 87-88 (1936).
In Hayes v. Muller, 243 So.2d 830 (La. App. 3 Cir. 1971), we found the two suits were based upon the same "cause of action" "[s]ince the same grounds, the same situation and the same state of facts were alleged in each of [the] two suits." This is not the case here. In our original suit four plaintiffs alleged the negligence of six executive officers and named their insurers as defendants. In the second suits, each plaintiff sued the same insurers directly (under LSA-R.S. 22:655) in their capacity as insurers of separate and distinct individuals. The facts in the original petitions are for that reason different from the facts alleged in the instant suits. We have two separate and distinct "causes of action".
Had the second suit been brought against two newly alleged tortfeasors individually, the exception of prescription would have been sustained because these suits could have been based on different grounds and the new defendants were not named in the original suit.
The result should be the same when insurance companies have been sued directly under the Direct Action Statute. Although the insurance companies were named in the original suit, they were there sued as insurers of six named defendants, whereas in the second suits they were sued as insurers of two separate and distinct individuals.
The Direct Action Statute does not provide a separate "cause of action" against insurance companies. It only provides a "right of direct action" against an insurer alone. Morse v. Hartford Casualty Insurance Company, 301 So.2d 741 (La.App. 3 Cir. 1974). It only provides a right of action. It merely allows claimants who have a cause of action against an insured, a right to bring the action directly against the insurer without naming the insured as defendant.
In summary, plaintiff had one cause of action against the insurance companies in the original suits based upon the companies capacity as insurers of six named individuals, and plaintiffs had a completely different cause of action against the same insurance companies in the second suits because they were sued in a different capacity as insurers of two new defendants.
Hidalgo v. Dupuy, 122 So.2d 639 (La. App. 1 Cir. 1960) is distinguished in that the first and second suits were both based upon the same cause of action. The same grounds of negligence of the same insured, and the same set of facts were alleged in the two suits. The first suit against the insurer alone was dismissed in Federal court on a "no action" clause in the policy.
Hayes v. Muller, 243 So.2d 830 (La.App. 3 Cir. 1971) and Travelers Insurance Company v. Brown, 338 F.2d 229 (5th Cir. 1964) are distinguished on the same basis.
The term "all defendants" as designated in LSA-R.S. 9:5801, has been interpreted to mean only defendants named in the suit and prescription will not be interrupted unless the petition names the parties defendant. Pearson v. Hartford Accident & Indemnity *613 Co., 281 So.2d 724 (La. 1973); Commercial Union Insurance Company v. Bringol, 262 So.2d 532 (La.App. 4 Cir. 1972).
There are three recognized exceptions to the rule that to interrupt prescription, the defendant must be named in the suit. These exceptions are:
1) A person need not be named in the original suit if he is solidarily liable with a named defendant. Simmons v. Travelers Insurance Company, 295 So.2d 550 (La.App. 3 Cir. 1974); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1 Cir. 1960); Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973).
2) A person need not be named as defendant if closely associated with the named defendant and therefore should be fully informed of the claim and suit thereon. Andrepont v. Ochsner, 84 So. 2d 63 (La.App.Orl.1955); Jacobs v. Harmon, 197 So.2d 704 (La.App. 4 Cir. 1967); Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945).
3) A person need not be named in the original suit if he had prevented plaintiff from ascertaining his involvement in the suit through fraud or concealment. Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (1960); Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974).
These exceptions will be considered in the stated order.

I

Solidary Obligors
LSA-C.C. art. 2097 provides:
A suit brought against one of the debtors in solido interrupts prescription with regard to all.
One cannot be a solidary obligor after he has been held free from liability. In the original suits all defendants including the two insurance companies were absolved of liability. They can not be in solido obligors with defendants in the second suit.
In Fontenot v. Lucas, 228 So.2d 211 (La.App. 3 Cir. 1969); Ward v. Aucoin, 222 So.2d 628 (La.App. 4 Cir. 1969), and DiPaola v. Fernandez, 270 So.2d 893 (La. App. 4 Cir. 1972), plaintiffs originally sued one defendant and after prescription tolled, plaintiffs learned that another defendant might also be liable. Plaintiffs then made these new parties defendants in the same suits over the peremptory exception of prescription. Defendants were allegedly joint tortfeasors and as such were solidarily liable. Therefore, suit filed against one tortfeasor interrupted prescription as to the other. However, in these cases, when the court held the first defendant not liable, the plea of prescription by the second defendant was sustained.
Suit timely filed against one defendant does not interrupt prescription against another defendant unless the two were bound solidarily for the damages incurred by plaintiff. 222 So.2d at 631; 228 So.2d at 214; and 270 So.2d at 896.
These cases would not have gone to trial as to the second defendants had the first defendants been absolved of liability.
Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973), and Simmons v. Travelers Insurance Co., 295 So.2d 550 (La.App. 3 Cir. 1974) are distinguished. In both cases one defendant who had been timely brought into the suit was found liable.

II

Close Association with Named Defendant
This exception to the general prescription statute was established in Callender v.
*614 Marks, 185 La. 948, 171 So. 86 (1936), where the court held:
... a citation, though insufficient to support a judgment, will interrupt prescription if it notifies the defendant of the grounds of the plaintiff's claim and that he is asserting that claim. (Emphasis added.) 171 So. at 88. See also Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945).
These insurance companies were put on notice in the original suits that plaintiffs were asserting a claim against six named defendants. The insurance companies were not on notice that plaintiffs were asserting a claim against two other individuals. Plaintiffs' rights against these two individuals should have been asserted in the original suit.
Andrepont v. Ochsner, 84 So.2d 63 (La. App.Orls. 1955) is distinguished on the basis that the court, in effect, found the proper defendant although sued originally in an improper capacity, was notified of the grounds of plaintiff's claim. This is not the case here.

III

Fraud and Concealment
There is no indication that the insurance companies or the two newly named individuals either practiced fraud or concealed facts to prevent plaintiffs from ascertaining their involvement in the accident. On the contrary, the insurance companies in the original suits set up the defense of contributory negligence as to both individuals named as negligent parties in the second suits.
In conclusion, it is respectfully submitted that if the majority decision stands, courts will be required to try the same factual issues time and time again. For example, after this case is tried to a jury the second time, should the insurance companies again successfully defend these claims (through both the trial and appellate courts) the companies may be sued on the same factual issues again and again. Plaintiffs could allege negligence on the part of another insured under the policies. This could go on until plaintiffs win, or run out of possible insureds, or abandon the effort.
The majority decision might encourage litigation on a piecemeal basis. What better discovery could one have than that furnished at trial. Plaintiffs might be well advised to purposefully omit alleging negligence on the part of certain parties, so that in the event of an adverse judgment their second, third, fourth, or fifth suit might be better presented or received. Insurance companies could be harassed by plaintiffs' fishing expeditions.
These plaintiffs have had their day in court. Their claims arose out of a tragic accident. The jury rejected their claim and the decision was affirmed. Trahan v. Liberty Mutual Insurance Company, 273 So.2d 331 (La.App. 3 Cir. 1973). Writs were refused. 275 So.2d 791 (La.1973).
I respectfully dissent and submit that the trial court's decision was correct.

ON APPLICATION FOR REHEARING
MILLER, Judge.
I vote to grant the application for rehearing for the reasons expressed in my dissent, and for these additional reasons.

SOLIDARY OBLIGORS
The majority opinion reasoned that since Liberty Mutual and INA were both sued in the first suits, and are now alleged to be solidary obligors, then plaintiffs'"first suits against Liberty Mutual interrupted prescription as to the instant suits against INA, and likewise, the first suits against INA interrupted prescription in the present suits against Liberty Mutual."
There are at least two reasons why this statement is in error: 1) the majority improperly applied LSA-C.C. art. 2097; and 2) the insurance companies were in fact not "solidary obligors."
(1)
A suit brought against one of the debtors in solido interrupts prescription with regard to all. LSA-C.C. art. 2097.
*615 "All" refers to the other debtors who are liable in solido with the debtor sued. It therefore follows that if the alleged debtors in solido who were sued in the first suit are found not liable, then that initial suit does not interrupt prescription in a subsequent suit because the defendant sued in the first suit is not liable in solido with anyone. He is not a debtor at all.
Although Liberty Mutual was named in the first suit and alleged to be liable in solido with INA in the second suit, Liberty Mutual was held not liable, and LSA-C.C. art. 2097 does not apply. Likewise, INA was named in the first suit and is alleged to be liable in solido with Liberty Mutual in the second suit. LSA-C.C. art. 2097 does not apply because INA was held not liable in the first suit.
At least one defendant in the first suit must have been held liable for LSA-C.C. art. 2097 to apply. Even then, the defendants in the second suit must be found not only liable, but liable in solido with a defendant in the first suit.
(2)
The Direct Action Statute (LSA-R.S. 22:655) does not provide a separate and independent cause of action against insurance companies. It only provides a right of action. A claimant can only use this right of direct action against an insurance company to enforce a claim based upon a cause of action against an insured. These suits are direct actions against the insurance companies.
These plaintiffs are not suing the insurance companies for their negligence which would make them joint tortfeasors and therefore solidary obligors. They are suing them directly in their capacity as insurers of Chrzanowski and Hollier.
Civil Code articles 2091 and 2093 are here relevant.
There is an obligation in solido on the part of the debtors, when they are all obligated to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditors. LSA-C.C. art. 2091.
An obligation in solido is not presumed; it must be expressly stipulated.
This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law. LSA-C.C. art. 2093.
In this case Liberty Mutual is the primary insurer and INA is the excess coverage carrier. Liberty Mutual's obligation is limited to a specific amount. Until that amount is exceeded, INA's policy provides no coverage. Liberty Mutual and INA are not bound for the same thing.
Liberty Mutual and INA are not in solido debtors because they are not bound for the same thing. Additionally, there is no statement in either insurance policy concerning solidary obligations.
However, even if we assume, for the sake of argument, that the two insurance companies are liable for the same thing, LSA-C.C. art. 2097 would not apply.
The jurisprudence has established the concepts of "perfect solidarity" and "imperfect solidarity." "Perfect solidarity" exists when debtors bind themselves to perform the same act, at the same time, and in the same contract. "Imperfect solidarity" (known by the Romans as liability in solidum) exists when debtors bind themselves for the same thing, at different times or in different contracts. Jacobs v. Williams, 12 Rob. 183 (1845); Gay v. Blanchard, 32 La.Ann. 497 (1880); Granger v. General Motors Corp., 171 So.2d 720 (La.App. 3 Cir. 1965); Bonacorso v. Turnley, 98 So.2d 295 (La.App. 1 Cir. 1957); Dupre v. Consolidated Underwriters, 99 So. 2d 522 (La.App. 1 Cir. 1957); Saunders' Lectures on the Civil Code (1925); 25 TLR 217, 229-230 (1951); J. Denson Smith's Comment at 28 LLR 372 (1968).
Liberty Mutual and INA bound themselves at different times in different contracts, and are therefore debtors in solidum rather than debtors in solido.
*616 The difference between perfect and imperfect solidarity pertains to the matter of prescription. 25 TLR 217, 229-230 (1951); Granger v. General Motors Corporation, 171 So.2d 720 (La.App. 3 Cir. 1965); Dupre v. Consolidated Underwriters, 99 So.2d 522 (La.App. 1 Cir. 1957); Bonacorso v. Turnley, 98 So.2d 295 (La.App. 1 Cir. 1957).
The rule that suit brought against one solidary debtor interrupts prescription as to all solidary debtors (LSA-C.C. art. 2097) applies only to "perfect solidarity." It does not apply to "imperfect solidarity" or to debtors in solidum. Jacobs v. Williams, 12 Rob. 183 (1845); Gay v. Blanchard, 32 La.Ann. 497 (1880); Saunders' Lectures on the Civil Code (1925); J. Denson Smith's Comment at 28 LLR 372 (1968).
Since Liberty Mutual and INA can at best be debtors in solidum, suit filed against one does not interrupt prescription as to the other.
I respectfully submit that the application for rehearing should be granted.