530 So.2d 1128 (1988)
William BATSON
v.
CHEROKEE BEACH AND CAMPGROUNDS, INC., et al.
No. 88-C-0194.
Supreme Court of Louisiana.
September 12, 1988.
*1129 Gordon Hackman, Boutte, for applicant.
Myron Walker, Jr., Seale, Smith & Phelps, Baton Rouge, for respondents.
MARCUS, Justice.
This lawsuit (Batson II) arises out of a tubing accident that allegedly occurred on the Tangipahoa River on June 12, 1977.

Batson I[1]
The plaintiff, William Batson, originally filed suit on June 12, 1978 against Cherokee Beach and Campgrounds, Inc., Pat Painter, Lyn Ezell, Harry Walz, the Parish of Tangipahoa,[2] and the State of Louisiana for damages allegedly sustained as a result of the tubing accident. Cherokee[3] filed an answer generally denying the allegations of plaintiff's petition and subsequently filed a peremptory exception of no cause of action. The trial judge sustained the exception of no cause of action and dismissed plaintiff's suit against Cherokee on December 17, 1980. Plaintiff appealed this judgment of dismissal.[4] The court of appeal held that although the trial judge properly sustained the exception of no cause of action because the petition failed to specify facts to support the allegations of negligence, plaintiff should have been given the opportunity to substantiate his claim with factual allegations. Accordingly, the court of appeal ordered the trial judge to allow plaintiff a delay of 15 days (commencing upon the finality of the court of appeal's judgment) within which to amend his petition.[5]
Plaintiff failed to amend his petition within the 15-day delay. Cherokee filed an ex parte motion to dismiss based on plaintiff's failure to amend, and the trial judge rendered judgment dismissing plaintiff's suit without prejudice on September 29, 1983.[6] Plaintiff received notice of the judgment of dismissal without prejudice on September 30, 1983 and filed, with leave of court, a first amended petition and a motion for a new trial on October 5, 1983. Cherokee filed a motion to vacate the order granting Batson leave to file the amended petition as well as exceptions of no right of action, prescription, and lack of jurisdiction over the subject matter. The trial judge vacated his earlier order granting leave to amend, denied plaintiff's motion for a new trial, and maintained Cherokee's exceptions, thereby leaving intact the September 29, 1983 dismissal without prejudice. Plaintiff appealed.
The court of appeal affirmed the dismissal without prejudice, citing La.Code Civ.P. art. 934 which provides in pertinent part: "[I]f plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis added.) Since the record demonstrated that plaintiff had not filed the amended petition within the 15-day delay, the court of appeal held that the trial judge had no discretion in the matter and was correct in dismissing the suit. Similarly, it held that the trial judge was without authority to allow the filing of the amended petition after the suit was terminated by the judgment of dismissal without prejudice *1130 because "[a]lthough a judgment of dismissal without prejudice does not bar the filing of another suit on the same cause of action, it does terminate the instant suit."[7] Therefore, Batson I was terminated by a judgment of dismissal without prejudice.

Batson II
Plaintiff filed the instant suit against Cherokee in a court of competent jurisdiction and venue on February 6, 1984 for damages allegedly sustained as a result of the tubing accident; however, no service was made at this time.[8] On July 17, 1985, plaintiff filed a first amended petition which was served on Cherokee and MFA Insurance Companies (MFA). Cherokee and MFA filed peremptory exceptions of res judicata and prescription.[9] After a hearing, the trial judge sustained the exceptions of res judicata and prescription and dismissed plaintiff's suit with prejudice. The court of appeal affirmed.[10] It held that plaintiff's claim had prescribed and therefore it was unnecessary to review the exception of res judicata. On plaintiff's application, we granted certiorari to review the correctness of that decision.[11]
The first issue for our review is whether plaintiff's claim has prescribed.
La.Civ.Code art. 3462 provides in pertinent part:
Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.[[12]] [Emphasis added.]
This interruption of prescription continues as long as the suit is pending and is only considered to have never occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial. La.Civ. Code art. 3463.[13]
Accordingly, the court of appeal was incorrect when it held that "a petition which sets forth no cause of action, is not timely amended, and is dismissed for failing to state a cause of action does not interrupt prescription." Whether a petition sets forth a cause of action is irrelevant to the issue of interruption of prescription. A civil action is "commenced by the filing of a pleading presenting the demand...." La. Code Civ.P. art. 421. Therefore, if what is filed can be classified as a "pleading presenting the demand," prescription will be interrupted whether or not the original pleading sets forth a cause of action. Prescription is continually interrupted while the suit is pending, as long as the suit was commenced in a court of competent jurisdiction and venue and plaintiff does not abandon, voluntarily dismiss or fail to prosecute the suit at trial. La.Civ.Code arts. 3462 and 3463. If prescription has been interrupted and the suit is subsequently involuntarily dismissed without prejudice, the prescriptive period begins to run anew and plaintiff has the full prescriptive period to commence the new action.[14] If prescription has been interrupted and the suit is subsequently involuntarily dismissed with prejudice, then the interruption of prescription *1131 will be immaterial because of res judicata.[15]
Plaintiff filed Batson I in a court of competent jurisdiction and venue within the one-year prescriptive period provided for delictual actions.[16] Therefore, prescription was interrupted. Since plaintiff did not abandon the suit, voluntarily dismiss the suit, or fail to prosecute the suit at trial, the interruption of prescription continued as long as Batson I was pending. Plaintiff filed Batson II in a court of competent jurisdiction and venue while Batson I was still pending. Accordingly, plaintiff's claim has not prescribed and the court of appeal erred in holding otherwise.[17]
The next issue for our review is whether the trial judge incorrectly sustained the exception of res judicata.[18]
Article 1673 of the Louisiana Code of Civil Procedure provides:
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action. [Emphasis added.]
The purpose of rendering an involuntary dismissal without prejudice is to enable the plaintiff to reinstitute his claim and insure that the new suit will not be barred by res judicata.[19] While a judgment of dismissal without prejudice terminates the first suit, it does not bar the filing of another suit on the same cause of action. Accordingly, the trial court erred in sustaining the exception of res judicata.
In sum, we hold that plaintiff's claim has not prescribed and is not barred by res judicata.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the trial court's judgment that sustained the exception of prescription is reversed. Additionally, the judgment of the trial court that sustained the exception of res judicata is reversed. The case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
NOTES
[1] For simplicity, we will refer to the suit filed on June 12, 1978 as Batson I and we will refer to the instant suit as Batson II.
[2] Tangipahoa Parish Police Jury was dismissed from the suit on a motion for summary judgment.
[3] Hereinafter, Cherokee will be used to refer to Cherokee Beach and Campgrounds, Inc. as well as the three individuals: Pat Painter, Lyn Ezell and Harry Walz.
[4] The court of appeal dismissed the appeal as abandoned in Batson I, 407 So.2d 766 (La.App. 1st Cir.1981); however, we granted plaintiff's writ application and reinstated the appeal. Batson I, 411 So.2d 45 (La.1982).
[5] Batson I, 428 So.2d 991 (La.App. 1st Cir.1983), writ denied, 434 So.2d 1092 (La. 1983).
[6] The trial judge originally dismissed plaintiff's suit with prejudice on September 27, 1983, but he amended the judgment on September 29, 1983, stating that it had been his intention to dismiss plaintiff's suit without prejudice.
[7] Batson I, 470 So.2d 478, 480 (La.App. 1st Cir. 1985).
[8] Batson II was filed while Batson I was still pending on appeal. The petition filed in Batson II is almost identical to the first amended petition that was filed after the 15-day delay expired in Batson I.
[9] Cherokee and MFA also filed declinatory exceptions of insufficiency of citation, insufficiency of service of process and lack of jurisdiction over the person; however, these exceptions were not ruled upon.
[10] Batson II, No. 86-CA-1464 (La.App. 1st Cir., Dec. 22, 1987).
[11] Batson II, 520 So.2d 741 (La.1988).
[12] Article 3462 further provides: "If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
[13] Article 3463 provides:

An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
[14] La.Civ.Code art. 3463, 1982 Revision Comment (b); La.Civ.Code art. 3466.
[15] La.Civ.Code art. 3463, 1982 Revision Comment(b).

In holding that a petition which sets forth no cause of action does not interrupt prescription, the court of appeal relied on cases that quoted extensively from Callender v. Marks, 185 La. 948, 171 So. 86 (1936). Callender held that when an exception of no cause of action is sustained because of insufficient allegations of fact in a petition, the dismissal is equivalent to a nonsuit. In that case, the court held that prescription had been successfully interrupted and a new suit could be filed. This holding is consistent with our holding herein because a dismissal without prejudice is the current equivalent of a nonsuit. LeBlanc v. Travelers Indemnity Co., 262 La. 403, 263 So.2d 337 (1972). In dicta, however, the Callender court stated: "Where an exception of no ... cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted." This statement is inconsistent with our opinion because as long as the action is "commenced by the filing of a pleading presenting the demand," prescription is interrupted. Accordingly, to the extent that Callender is inconsistent with the views expressed herein, it is overruled.
[16] La.Civ.Code art. 3492.
[17] After holding that plaintiff's claim had prescribed, the court of appeal noted in one sentence that the petition filed in Batson II also fails to set forth a cause of action under the present jurisprudence. Although the failure to disclose a cause of action may be noticed by either the trial or appellate court of its own motion, it is unclear that this cursory statement, made after having already held that the claim was prescribed, constitutes a ruling that requires our review. Accordingly, we decline to review the issue. The issue of whether there is a cause of action may be raised on remand.
[18] The court of appeal found it unnecessary to consider this issue since it determined that plaintiff's claim was prescribed.
[19] See LeBlanc v. Travelers Indemnity Co., 262 La. 403, 263 So.2d 337 (1972); La.Code Civ.P. art. 1673, Official Revision Comment.